# EXHIBIT F

23-22840-shl Doc 655-3 Filed 03/05/24 Entered 03/05/24 19:31:07 Exhibit F - Letter Filed in District Court Action (Dkt. No. 530) Pg 2 of 7

Case 1:17-cv-00553-GHW Document 530 Filed 03/05/24 Page 1 of 6

**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

November 7, 2023

**VIA ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        *Re:*    *Zivkovic v. Laura Christy LLC, et al.,* **No.: 17-cv-553 (GHW)**

Dear Judge Woods,

      Plaintiffs and non-party Rosey Kalayjian submit this joint letter to raise a dispute about the scope of discovery of Ms. Kalayjian and her assets following this Court's decision granting Plaintiffs' motion for attachment. In an effort to resolve this dispute, the parties held a preliminary discussion on October 26, Plaintiffs sent Ms. Kalayjian a list of their proposed areas of discovery on October 26, and the parties met and conferred about the above issues on October 31. Plaintiffs' proposed eight areas of discovery (or "Topics") are attached as Exhibit A. Plaintiffs seek an affidavit from Ms. Kalayjian confirming all requested information/documents have been produced and a deposition of Ms. Kalayjian concerning the existence and location of assets after the documents/information have been produced.

      Following the meet and confer, Ms. Kalayjian agreed to produce the requested information and documents responsive to Topics 1-4, but only as to accounts located within New York, real property held in New York, and entities/businesses that do business in New York. Ms. Kalayjian also agreed to produce documents responsive to Topic 7 regarding the source of funds used to make payments into OGR in 2021 and 2022, but not with respect to transactions prior thereto. Ms. Kalayjian objects to producing documents/information responsive to Topics 5, 6, and 8, and also objects to a deposition. The parties' positions are set forth below.

**Plaintiffs' Position**
      Plaintiffs are entitled to the targeted discovery they seek. First, because they are judgment creditors, Plaintiffs are entitled to "broad" post-judgment discovery in aid of execution pursuant to C.P.L.R. Article 52. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). This includes discovery of non-party assets to determine whether the judgment debtor has concealed or transferred assets applicable to satisfying the judgment. *See Phoenix Bulk Carriers (BVI) Ltd. v. Triorient, LLC*, 2021 U.S. Dist. LEXIS 29582, at *5-6, 7 (S.D.N.Y. Feb. 17, 2021).

      Second, because they have an order of attachment, Plaintiffs are entitled to discovery under C.P.L.R. § 6220. In arguing that the Court's attachment order has already been satisfied, Kalayjian betrays her basic misunderstanding what "attachment" is. An "attachment" is not synonymous with a restraining order. An attachment "effects the . . . *seizure* of a debtor's property, *to be held by the sheriff* [(or the Marshals in this case)], actually or constructively, so as to apply the property to the creditor's judgment if the creditor should prevail in court." *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 312 (N.Y. 2010) (emphasis added). Until enough assets to satisfy the order

*have actually been seized*, the order remains "outstanding and unsatisfied" and, per § 6220, "a plaintiff is entitled to learn of assets *to enable a sheriff to seize* sufficient property to comply with the order." *Etalon Imob S.R.L. v. Schoenbach*, 2012 U.S. Dist. LEXIS 144005, at *17-18 (S.D.N.Y. Oct. 3, 2012) (emphasis added). Here, not a penny of the assets the Court ordered attached has been "attached" because nothing has been seized (and cannot be seized until its location is known).

Contrary to her argument below, Kalayjian does not get to choose which component of the attachment order will be enforced. This Court ordered attachment of $3.9 million in monetary assets *in addition* to Kalayjian's interest in OGR and the Southampton House. Kalayjian also presents no proof that the value of OGR or the Southampton House *when sold at auction after a turnover proceeding*, will satisfy the judgment. Discovery in aid of attachment is therefore essential because Plaintiffs do not know the current location of any monetary assets. The Kalayjian Account (into which millions of Ghatanfard's assets were transferred) was closed in March 2022, when Kalayjian transferred more than $1.5 million from that account. *See* Ex. B. Plaintiffs have been prevented from discovery of Kalayjian's Citibank account, which is the subject of a pending motion to quash. *See* ECF No. 364-67. And Kalyajian *admits* she transferred the $1.4 million refinance proceeds out of state. Kalayjian's argument that Plaintiffs should be precluded from learning of the location of *any* assets that may be seized simply because they have *identified* substantial fraudulent transfers makes no sense. If Plaintiffs are not allowed to learn the location of Kalayjian's monetary assets, an entire component of the Court's attachment order cannot be satisfied, and its very purpose would be defeated.

Topics 1-5 (Out of State Assets)

Kalayjian should be required to identify and produce documents about accounts, property, and entities outside of New York (Topics 1-4), and produce information concerning the transfer and present location of the $1.4 million refinance proceeds (Topic 5). These issues are intertwined because Kalayjian admits she already transferred the $1.4 million refinance proceeds out-of-state.[1] Plaintiffs are entitled to discover out-of-state assets to learn of assets transferred from Ghatanfard that may satisfy the judgment and to discover assets of Kalayjian that may be attached. Nothing in C.P.L.R. § 5223 (the Article 52 disclosure provision) or § 6220 limits discovery to New York. Instead, § 5223 authorizes discovery of "all matter relevant to the satisfaction of a judgment," while § 6220 broadly authorizes discovery of "any property" in which the defendant has an interest.

Nor is there any basis to limit discovery under a theory that the Court cannot direct turnover or attachment of out-of-state assets. Because this Court has personal jurisdiction over Kalayjian, it clearly has authority to order her to turn over assets even if they are located out-of-state. *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 541 (N.Y. 2009) ("a New York court with personal jurisdiction over a defendant may order him to turn over out-of-state property regardless of whether the defendant is a judgment debtor or a garnishee"). Similarly, a court with personal jurisdiction also: (a) "has jurisdiction over that individual's tangible or intangible property, even if the situs of that property is outside of New York"; and (b) has "the authority to order prejudgment attachment of the property [the garnishee] owned and/or controlled." *Hotel 71 Mezz Lender LLC*, 14 N.Y.3d at 312. So far as Plaintiffs can tell, every court in this Circuit to have considered the

---

[1] To be clear, despite Kalayjian's attempt to muddy the waters by asserting that Plaintiffs are seeking discovery from "out-of-state entities," that simply is not the case. Plaintiffs are simply seeking discovery from *Kalayjian* about entities in which *she* holds an interest, be they in state or out of state.

2

question has held that where personal jurisdiction exists, § 6220 permits discovery of extraterritorial assets. *Royal Bank & Trust Co. v. Vermes*, 1986 U.S. Dist. LEXIS 26484, at *8-9 (S.D.N.Y. Apr. 21, 1985); *Lumbard v. Shasha*, 1985 U.S. Dist. LEXIS 12243, at *13 (S.D.N.Y. Dec. 30, 1985); *Michelsen v. Brush*, 233 F. Supp. 868, 869, 871 (E.D.N.Y. 1964).

Under both Article 52 and § 6220, Plaintiffs are entitled to discover extraterritorial assets. Kalayjian's actions demonstrate the essential need for this discovery as she has removed from the state at least one of the assets (the $1.4 million refinance proceeds) that (a) formed the basis of the attachment order, and (b) the Court found Plaintiffs were likely to succeed in voiding and having turned over. *Cf. Lumbard*, 1985 U.S. Dist. LEXIS 12243, at 13 (transfer out of state suggested "intent to avoid attachment," making "discovery in aid of attachment particularly compelling").

Topic 6 (Tax Returns from 2020 to Present)
Courts permit discovery of third-party tax returns to determine whether a judgment debtor has concealed or transferred assets applicable to satisfying a judgment. *See D'Avenza S.P.A v. Garrick & Co.*, 1998 U.S. Dist. LEXIS 243, at *8-11 (S.D.N.Y. Jan. 14, 1998). Discovery of Kalayjian's returns is clearly warranted for such purposes. Kalayjian also placed her returns at issue by (a) submitting portions as evidence in opposition to the attachment motion, ECF Nos. 472-21, 471-22, 471-23, and (b) claiming that hundreds of thousands of dollars from Ghatanfard was "income" she "earned," *see* ECF No. 471 ¶¶ 26, 31.

Topic 8 (Documents upon which Kalayjian Intends to Rely at Turnover Proceeding)
As discussed at the attachment hearing, the "turnover" procedure to be followed is that Plaintiffs file a turnover motion and, if the Court finds disputed issues of fact, a trial is conducted as to those issues. Topic 8 simply seeks the production of documents Kalayjian will rely on during a turnover proceeding so that Plaintiffs may effectively prepare, assess the admissibility of such documents, and levy relevant objections to their introduction.

Deposition
Depositions on the location of a judgment debtor's assets are authorized for post-judgment discovery in aid of enforcement, and routinely allowed in aid of attachment. C.P.L.R. § 5224(a)(1) (deposition subpoenas in aid of enforcement); *Swift v. Spinning Mills v. B&H Apparel*, 2003 U.S. Dist. LEXIS 4120, at *10 (S.D.N.Y. Mar. 6, 2003). Plaintiffs simply seek to depose Kalayjian about the location and existence of assets once she produces documentary discovery.

**Ms. Kalayjian's Position**
As set forth below, because the attached assets are more than sufficient to satisfy Plaintiffs' $5 million judgment, no further discovery of Ms. Kalayjian's assets is warranted, and certainly not the overbroad discovery sought by Plaintiffs. If Plaintiffs are afforded any further discovery in aid of attachment, at most, it should extend only to assets or real property located within New York State.

While the Court granted Plaintiffs' motion for an order of attachment at the recent October 25, 2023 hearing, it nonetheless denied Plaintiffs' request "to conduct broad discovery into Ms. Kalayjian and her assets." Dkt. No. 523. At the attachment hearing, the Court also distinguished between discovery in aid of attachment and discovery in aid of a turnover proceeding and admonished the parties to ensure that the former was narrowly circumscribed. Nevertheless,

3

Plaintiffs seek wide-ranging discovery into *all* Ms. Kalayjian's assets, including, among other things, all statements from a prior savings account pre-dating even the commencement of this action, her ownership interests in non-New York businesses, her full tax returns from 2020 through the present, and an unnecessary deposition to rehash these and other topics listed on their Exhibit A. In the spirit of compromise, Ms. Kalayjian offered to produce approximately half the items on Plaintiffs' list, but maintained her objections with respect to out-of-state assets, tax returns, and any records or statements pre-dating 2020. Ms. Kalayjian also objected to Plaintiffs' request for an open-ended deposition. However, Plaintiffs would not agree to any compromise.

The Attached Assets are More Than Sufficient to Satisfy Plaintiffs' Judgment

As a threshold matter, no further discovery of Ms. Kalayjian is warranted because Plaintiffs *already have identified assets sufficient to satisfy the Court's order of attachment*. To be permissible under the Federal Rules, discovery must not only be relevant, but also ". . . proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (listing proportionality factors). Post-judgment discovery "is constrained principally in that it must be calculated to assist in collecting on a judgment." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012); *see Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*, No. 19-MC-0547 (RA), 2022 WL 1567464 (S.D.N.Y. May 18, 2022) (subpoena "not sufficiently tailored to discover only the third-party information that is relevant to locating [j]udgment [d]ebtor's assets"). Moreover, under C.P.L.R. § 6220, discovery in aid of attachment is available only to the extent necessary to attach assets sufficient to comply with the attachment order. *See Yong Xiong He v. China New Star Rest., Inc.*, No. 19-CV-5907, 2020 WL 6202423, at *16 (E.D.N.Y. Oct. 22, 2020) (holding that because attached properties were sufficient to satisfy judgment, there was no need for further attachment-related discovery).

Here, Plaintiffs have identified, restrained, and attached assets that *well exceed the value of their judgment and, concomitantly, their contemplated turnover claim against Ms. Kalayjian*. These assets include: (i) Ms. Kalayjian's 90% ownership interest in Oak Grove Road, LLC ("OGR"), itself a 50% owner of Valbella at the Park LLC ("VATP"), a very profitable restaurant; and (ii) her 100% ownership interest in a Southampton property (the "Southampton Property"). Putting aside Ms. Kalayjian's liquid assets restrained in her bank accounts, these two restrained assets alone are more than sufficient to satisfy the full amount of the judgment. Indeed, the Southampton Property, currently valued at no less than $3.4 million,[2] has equity of at least $1.25 million and VATP's bank statements produced to Plaintiffs (which, upon request, Ms. Kalayjian's counsel will furnish to the Court for *in camera* review), confirm that the restaurant's annual income well exceeds $5 million.

That Plaintiffs may prefer the (potential) turnover of liquid assets does not justify the unfettered fishing expedition into Ms. Kalayjian's assets that Plaintiffs now seek under the guise of discovery in aid of attachment. This includes Plaintiff's improper request for bank statements from Ms. Kalayjian's Patriot Bank savings accounts, including for a prior savings account pre-dating the commencement of this lawsuit. *See* Plaintiffs' Exhibit A at ¶ 7.a. Plaintiffs already have in their possession Patriot Bank statements from January 2020 through February 2023 for each of Ms. Kalayjian's joint account with judgment debtor David Ghatanfard and her current

---

[2] *See, e.g.*, Zillow estimate https://www.zillow.com/homedetails/56-Oak-Grove-Rd-Southampton-NY-11968/32723834_zpid/

4

savings account. While Ms. Kalayjian will provide account statements for those accounts from March 2023 to date, Plaintiffs have failed to demonstrate any basis for seeking any additional Patriot banking records.

In sum, because assets sufficient to cover Plaintiffs' judgment already are attached, no further discovery of Ms. Kalayjian's assets (other than those referenced in the preceding paragraph) should be permitted.

<u>At Minimum, No Discovery of Ms. Kalayjian's Non-Resident Affiliates Should Be Permitted</u>

Even if the Court is inclined to permit additional discovery of Ms. Kalayjian's assets (despite the attached assets exceeding the value of Plaintiffs' judgment), Plaintiffs should not be entitled to discovery of out-of-state bank accounts of affiliates of Ms. Kalayjian that contain the proceeds from the refinancing of the Southampton Property (the "Southampton Refinancing Proceeds") (Topic 5). Indeed there is New York caselaw precedent "prohibiting inquiry with respect to assets of [a] defendant where such assets are held by nonresident subsidiaries or affiliates of the garnishees and are not within the state of New York." *Martropico Compania Naviera S.A. v. Perusahaan Pertambangan*, 58 A.D.2d 794 (1st Dept. 1977) (further noting that "C.P.L.R. 6220 is not to be applied so broadly as to be unreasonable"). Nevertheless, Plaintiffs seek discovery of *inter alia*, a non-resident limited liability company in which Ms. Kalayjian holds an interest (the "Non-Resident LLC"). Ms. Kalayjian, through her counsel, has represented to opposing counsel that the Southampton Refinancing Proceeds were deposited in the Non-Resident LLC's bank account, and that the funds in that account will remain there pursuant to the Court's attachment order (Dkt. No. 523), and pending disposition of Plaintiffs' turnover application. As a further assurance, Ms. Kalayjian has offered Plaintiffs an affidavit attesting that the status quo would be maintained for assets held by any nonresident affiliate of hers if Plaintiffs agreed to limit their discovery to her New York holdings. Given Ms. Kalayjian's willingness to provide such a sworn statement, there is no basis for any further discovery of the Southampton Refinancing Proceeds (Topic 5).

As for Ms. Kalayjian's tax returns (Topic 6), in submitting portions of her tax returns in opposition to Plaintiffs' motion for an order of attachment, Ms. Kalayjian did not waive her rights to object to producing full copies or additional tax returns for attachment-related purposes here. Indeed, for purposes of tracing any assets, the tax returns are cumulative and duplicative of the account statements Ms. Kalayjian has agreed to produce (*i.e.*, Topics 1-4) and already has produced in this and the related successor liability action before Judge Subramanian.

Finally, consistent with the Court's delineation of two "buckets" of discovery at the October 25 hearing, *i.e.*, attachment and turnover-related, Ms. Kalayjian should not be required, at this juncture, to produce all materials on which she plans to rely in opposition to a turnover application she has not yet seen so Plaintiffs can preemptively address this evidence in their moving papers (Topic 8). Should Plaintiffs require any additional discovery in connection with their turnover application, they can make that application once their application is filed.

For these reasons, the Court should deny Plaintiffs' requests for discovery into Topics 5, 6, 7.a. and 8, and deny Plaintiffs' improper request to to require Ms. Kalayjian to provide yet additional deposition testimony beyond the 9 hours she's already provided to Plaintiffs.

We thank the Court for its attention to this matter.

        Respectfully,

        _/s/Lucas C. Buzzard_____
        Lucas C. Buzzard