# EXHIBIT J

PENACHIO MALARA LLP
Counsel for the Debtor
245 Main Street
Suite 450
White Plains, NY  10601
(914) 946-2889


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X

In re

DAVID GHATANFARD,                                              CHAPTER 11
                                                               (Subchapter V)

               Debtor                                          CASE NO.: 23-22840-shl


----------------------------------------X

### THE DEBTOR'S  RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF CERTAIN SHAREHOLDERS

**DAVID GHATANFARD,** the Debtor herein (the "Debtor") submits this response to the Request of Pavle Zivkovic for production of documents pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34 of the Federal Rules of Civil Procedure.

1.    The Debtor objects to each and every request to the extent that it seeks documents or information or otherwise purports to impose obligations upon the Debtor beyond those permitted by the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), or any applicable order of the Court.

2.    The Debtor objects to each and every request to the extent that it purports to impose burdens on The Debtor that are not proportional to the needs of this case.

3.    The Debtor objects to each and every request to the extent it seek documents that were already produced in prior litigation or in the public record.   The Debtor will not make a duplicate production of any documents previously produced to the extent that it may be  unduly burdensome.

1

4. The Debtor objects to each and every request to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

5. The Debtor objects to each and every request to the extent that it fails to describe the documents requested with reasonable particularity.

6. The Debtor objects to each and every request to the extent that it seeks documents that are beyond his actual possession, custody, or control.

7. The Debtor objects to each and every request to the extent that it is duplicative and cumulative and seeks documents equally available to the Debtor or obtainable from some other source that is more convenient, less burdensome, or less expensive.

8. The Debtor objects to each and every request to the extent that it is overly broad, unduly burdensome, or oppressive.

9. The Debtor objects to each and every request to the extent that it is unduly vague, ambiguous, or would unreasonably require The Debtor to speculate as to the nature or scope of the

documents sought.

10. The Debtor objects to each and every request to the extent that it seeks production of documents or information that is not relevant to the above-captioned action.

11. The Debtor objects to each and every request to the extent that it contains or is predicated upon legal or factual assumptions that are not correct.

12. The Debtor objects to each and every request to the extent that it calls for the production of "all" documents when all relevant information can be obtained from fewer than "all" documents.

13. The Debtor objects to each and every request to the extent that it seeks documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found.

14. The Debtor objects to each and every request to the extent that it seeks documents or materials that constitute attorney work product or are protected from disclosure by the attorney- client privilege, the common-interest privilege, or any other applicable privilege, or otherwise protected from discovery pursuant to the Federal Rules of Bankruptcy Procedure or any other applicable statute, regulation, rule or case law. The inadvertent production of any privileged document or information shall not be deemed to be a waiver of any applicable privilege with respect to such document or information or with respect to any other documents or information.

15. The Debtor specifically reserves the right to demand the return of any such inadvertently-produced documents, without prejudice to any claim of privilege.

16. The Debtor objects to each and every request to the extent that it calls for confidential, proprietary, commercial or other business information, including without

3

limitation, proprietary, commercial or other business information, or trade secrets of its clients, affiliates, customers, or business partners and to the extent that any request calls for the production of material that is subject to confidentiality agreements with other persons not a party to this litigation, in the absence of appropriate protections thereof and, where applicable, the consent of those persons.

17. In providing these responses and objections, The Debtor does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

   a. all objections as to competence, relevance, materiality, admissibility in evidence or other use of the Subpoena or portions thereof, or the subject matter thereof, or of any response or objections thereto;

   b. all rights to object on any ground to the use of any of the document requests, responses or objections, or the subject matter thereof, in this or any other or subsequent proceeding; and

   c. all rights to object on any ground to any request for further responses to these or any other requests for documents or things, or to other discovery requests involving or related the subject matter.

18. The Debtor submits these objections and responses to the Subpoena without conceding the relevance or materiality of the subject matter of any document or document request, and without prejudice to its right to object to further discovery. The Debtor hereby reserves the right to supplement or amend any response and objection herein.

19. Where The Debtor indicates that it will produce responsive documents, it will do so to the extent that any such documents exist within its actual possession, custody or control. The failure to object to a request does not constitute an acknowledgement that any responsive

4

documents exist or are in Sammy's possession, custody or control.

20. Documents may be solely in the custody and control of third parties including former accountant, present account and former attorneys. The Debtor is undertaking efforts to obtain such documents.

21. These General Objections and Limitations are hereby incorporated into the Debtor's responses to each and every one of the Debtor's specific numbered document requests.

22. The Debtor does not use electronic mail and upon information and belief, does not have and has not had an active electronic mail account. As a result, counsel has been required, among other things, to reach out to third parties directly for copies of documents.

23. The Debtor is currently being treated from advanced cancer. As such, his ability to compile documents within the time frame sought has not been possible. Notwithstanding, the Debtor and counsel are undertaking good faith efforts to produce responsive documents.

## OBJECTIONS TO INSTRUCTIONS

1. The Debtor objects to the "Instructions" to the extent that they attempt to impose obligations on The Debtor other than those authorized by the Federal Rules of Bankruptcy Procedure, the Local Rules, or any applicable Order of this Court. To the extent that The Debtor agrees to produce documents, it will do so in accordance with the Federal Rules of Bankruptcy Procedure, the Local Rules, any applicable Order of this Court, or by agreement of the parties.

2. The Debtor objects to Instructions on the grounds that they are overly broad and unduly burdensome. The Debtor further objects to Instructions to the extent they purport to require The Debtor to produce documents or materials that constitute attorney work product or are protected from disclosure by the attorney-client privilege, the common-interest privilege, or any other applicable privilege.

## DOCUMENT REQUESTS

1. All documents on which you relied to list the value of the Oak Grove Property at $2,500,000 on the Schedules and Statement of Financial Affairs.

   **The Debtor has no documents responsive to this request.**

2. All documents and communications concerning the transfer of your interest in the Oak Grove Property to Kalayjian on or about March 25, 2022, including, but not limited to, concerning any alleged consideration Kalayjian provided in exchange for the transfer.

   **The Debtor has produced the deed reflecting the transfer. The Debtor, through counsel, is contacting former counsel and his accountant for the closing statement.**

3. All documents and communications concerning the mortgage on the Oak Grove Property in favor of Select Portfolio Servicing, including with respect to the distribution of loan proceeds.

   **The Debtor has produced the deed reflecting the transfer. The Debtor, through counsel, is contacting former counsel and his accountant for the closing statement.**

   **The Debtor has produced the mortgage statements in his possession. To the extent required or requested, counsel will undertake to obtain copies of mortgage statements from SPS which has field a proof of claim in this case.**

4. All documents and communications concerning the sale of the Harrison Property, including with respect to the distribution of sale proceeds.

   **The Debtor, through counsel, is contacting former counsel and his accountant for the closing statement. The Debtor is unaware of any other responsive documents.**

5. All documents concerning any art, antiques or jewelry you own or have owned during the four-year period before the Petition Date, individually or jointly, including any insurance policies that would have identified those items of personal property.

   **The Debtor does not have any responsive documents other than the insurance policy which has been produced. Any additional insurance information requested will be**

6

produced.

6. A list of all bank accounts and investment accounts you own or have owned during the four-year period before the Petition Date, individually or jointly, and all statements for those accounts during such period.

   **The Debtor does not maintain a list. He has produced bank statements for the relevant period from the following accounts:**

   **Patriot National Bank – Joint**

   **Connecticut Community Bank - individual**

   **Bank of America - Individual**

7. A list of all corporations, partnerships, limited liability companies, and businesses in which you hold or held any direct or indirect interest during the four-year period before the Petition Date (including, but not limited to, Laura Christy Midtown, LLC, Laura Christy, LLC, One If By Land, Bella Serra, ValBella CT, Oak Grove Road LLC, and Valbella at the Park LLC) and all documents and communications concerning (a) such interests and (b) the transfer of any such interests during such period.

   **The Debtor does not maintain a list. As set forth on his Statement of Financial Affairs, his interests consisted of the following:**

   **Laura Christy Midtown LLC**
   **Laura Christy, LLC**
   **One If By Land**
   **Bella Serra**
   **ValBella CT**
   **Oak Grove Road LLC (which holds a 50% in Val Bella At the Park ("VATP")**

   **The Debtor has produced documents within his possession for such entities including:**

   **Laura Christy Midtown LLC - Tax Returns and Bank Statements for 2019-2022**

   **Oak Grove Road LLC (in which the Debtor holds a 10% interest and which holds a 50% in Val Bella At the Park ("VATP"))**
   **Formation Documents and tax returns for VATP**

   **The Debtor, through counsel, is seeking tax returns and closing statements (or other documents relating to a transfer of his interests) from 3rd parties including accountants and former counsel, with respect to the following:**

   **Laura Christy, LLC**
   **One If By Land**

7

>   **Bella Serra**
>   **ValBella CT**
>   **Oak Grove Road LLC (which holds a 50% in Val Bella At the Park ("VATP")**

8. All documents and communications concerning the consideration you received in exchange for your transfer of the interests identified in #7, including with respect to the distribution of any consideration paid/delivered to you.

   **The Debtor has produced bank statements and personal tax returns. Through counsel, he is contacting 3rd parties for copies of closing statements.**

9. A list of all monies paid by you or on your behalf to Abrams Festerman during the four- year period before the Petition Date and the dates of invoices to which such payments relate.

   **The Debtor has not made any payments to Abrams Fensterman.**

10. All documents and communications on which you relied to list Valbella at the Park, LLC as a creditor on the Schedules and Statement of Financial Affairs.

**The Debtor has produced the organizational documents.**

11. All documents and communications on which you relied to list Wooster 76 LLC as a creditor on the Schedules and Statement of Financial Affairs.

    **The Debtor has produced the decision in the lawsuit commenced by Wooster 76.**

12. All documents and communications concerning any payments you made to or on behalf of Valbella at the Park, LLC during the four-year period before the Petition Date.

    **The Debtor has produced the formation documents, his bank statements and tax returns for Valbella at the Park**

13. All documents and communications concerning any payments you made to or on behalf of Oak Grove Road LLC during the four-year period before the Petition Date.

    **The Debtor has produced the formation documents of Oak Grove Road LLC**

14. All documents and communications concerning your investment in Oak Grove Road LLC and Valbella at the Park, LLC.

    **The Debtor has produced the formation documents of Oak Grove Road LLC**

15. All documents and communications concerning the transfer of any of your other assets outside the ordinary course of business, including gifts, during the four-year period before the Petition Date.

8

16. **The Debtor has produced bank statements for 2019 – 2023 (or from the inception of the account to present) and personal tax returns for 2022. Through counsel, he is contacting 3rd parties for copies of closing statements and tax returns.**

17. Your personal federal and state tax returns for the years 2019, 2020, 2021, and 2022.

    **The Debtor has produced his income tax returns for 2022.  2019-2021 are being obtained from his accountant and former accountant and will be produced.**

18. Records of all compensation you paid to Penachio Malara, LLP.

    **Cancelled checks produced.  Retainer letter to be produced.**


### RIGHT TO SUPPLEMENT

The Debtor is continuing to review his files and reserves the right to supplement

Dated: White Plains, NY
March 1, 2024

                      Penachio Malara LLP

                      /s/ Anne Penachio
                      Counsel to the Debtor
                      245 Main St. – Ste 450
                      White Plains, NY  10601
                      (914) 946-2889

5