# EXHIBIT O

# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

February 26, 2024

**VIA EMAIL (kharrington@homlegal.com)**

Kevin J. Harrington, Esq.
Erin Durba, Esq.
HARRINGTON, OCKO & MONK LLP
81 Main Street, Suite 215
White Plains, NY 10601

**Re: *In re Davoud Ghatanfard*, 23-22840 (SHL)**

Mr. Harrington:

We represent Pavle Zivkovic and the class member creditors (the "Class Creditors") in the above-referenced action. As you know, on January 29, 2024, the bankruptcy court ordered your client, Rosey Kalayjian, to produce information in response to the list set forth in "Exhibit B" of that Court's Order. *See* ECF. No. 50 (the "Order"). On February 20, 2024, your client served objections and responses to the list set forth in the Order. We write to address certain deficiencies in the discovery responses you provided on behalf of your client in this matter in advance of our meet and confer scheduled for February 27, 2024 at 2:00 p.m.

1. **Request No. 1**

Request no. 1 asked Ms. Kalayjian to provide documents and communications concerning the transfer of part of the Debtor's interest in the Oak Grove Property to her. Ms. Kalayjian did not produce any documents in response to this request. Instead, Ms. Kalayjian objected to the request on the grounds that she claims it is duplicative of requests that she has already provided documents for. As an initial matter, the Class Creditors are not in possession of any communications relating to the Oak Grove Property. Accordingly, if Ms. Kalayjian was involved in any written communications about the transfer of that property (whether by email or text), she must turn them over. In addition, to the extent Ms. Kalayjian believes she has already provided all documents in her possession, custody or control that are responsive to this request, please identify in writing precisely which documents she is referring to.

2. **Requests Nos. 2-4**

Requests nos. 2-4 asked Ms. Kalayjian to (1) to identify all bank accounts and investment accounts in which she currently has or has had any interest from November 2019 to the present, (2) identify all other accounts over which she currently has or has had signatory authority from November 2019 to the present, and (3) to provide all statements for these accounts from September 2020 to the present and provide all records of the sources of funds in those accounts. In response to this request, Ms. Kalayjian only produced statements from September 2020 to December 2023 for an individual Citibank account she has held and two quarterly statements for a Charles Schwab account. Ms. Kalayjian otherwise objects to these requests on multiple grounds including (incredibly) that the requests "seek[] documents that have no conceivable connection to the debtor's estate."

Ms. Kalayjian's refusal to produce documents and various objections are entirely without merit and in breach of the Order. Moreover, as you know, Ms. Kalayjian is currently subject to an attachment issued by Judge Woods in the underlying class action that gave rise to the Class Creditors' claims. *See* 17 Civ. 00553 (S.D.N.Y.) at ECF Nos. 438, 523. Judge Woods attached $3.9 million of Ms. Kalayjian's assets finding that the Class Creditors showed a likelihood that they will succeed on their claims that Mr. Ghatanfard illicitly conveyed, among other property, over $3.9 million to Ms. Kalayjian. *Id*.

Put simply, the Class Creditors are entitled to information relating to where the proceeds of the transfers outlined in the attachment order were placed. As an example, Ms. Kalayjian represented to the District Court that the proceeds of the refinance of Mr. Ghatanfard's Southampton property were deposited in an out of state LLC's bank account, and that the funds in that account remain there pursuant to the District Court's attachment order. Accordingly, the Class Creditors are entitled to all records of the transfers to that account as well as records of all transfers of any of the cash outlined in the District Court's attachment order.

3. **Requests No. 5 and 6**

In Requests nos. 5 and 6, the Class Creditors seek documents and communications concerning Ms. Kalayjian's membership interest, if any, in Valbella at the Park, LLC ("VATP") and Oak Grove Road LLC ("OGR") and payments your client made to secure her interest in those companies. In response, Ms. Kalayjian produced VATP's tax return for 2022 and OGR's tax returns for 2021 and 2022. Ms. Kalayjian has not produced any records evidencing any investment she allegedly made in either of these entities. To be sure, the Class Creditors are aware that the initial funding for OGR was allegedly paid out of accounts held either by Ms. Kalayjian individually or jointly with Mr. Ghatanfard. In response to the Class Creditors' assertions in the attachment proceeding that the funds that Ms. Kalayjian allegedly paid were in fact Mr. Ghatanfard's money, Ms. Kalayjian claimed that the source of the funds was her own money and not Mr. Ghatanfard's. Accordingly, the Class Creditors are entitled to records of the sources of all funds that Ms. Kalayjian claims to have invested in OGR and/or VATP.

4. **Requests Nos 7 and 8**

These requests seek (a) documents and communications concerning the transfer of any of the Debtor's real or personal assets to Ms. Kalayjian between November 2019 to November 2023, and (b) records of any transfers Ms. Kalayjian made (a) in excess of $10,000, and/or (b) outside of ordinary course living expenses since July 5, 2023. Ms. Kalayjian has not provided any documents in response to these requests. Please let us know if Ms. Kalayjian is withholding any information that is responsive to these requests. In addition, to the extent Ms. Kalayjian believes she has already provided all documents in her possession, custody or control that are responsive to this request, please identify in writing precisely which documents she is referring to.

5. **Deposition of Ms. Kalayjian**

Finally, Judge Lane Ordered Ms. Kalayjian to appear for a deposition no later than March 5, 2024. *See* ECF No. 50 at ¶ 4. Our co-counsel, Ilana Volkov, has tried to contact you and your associate on numerous occasions to try and secure a date for the deposition that complies with Judge Lane's Order but Ms. Volkov's requests have all been ignored. Accordingly, we request that you provide us with dates in mid-March that your client is available to be deposed or we will have no choice but to involve the Court.

*    *    *

**JOSEPH & KIRSCHENBAUM LLP**

_____
Josef Nussbaum

3