# EXHIBIT P

# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

February 27, 2024

**VIA EMAIL (Anne@pmlawllp.com)**

Anne Penachio, Esq.
PENACHIO MALARA LLP
81 Main Street, Suite 215
White Plains, NY 10601

      Re:   *In re Davoud Ghatanfard*, 23-22840 (SHL)
              And *In re Laura Christy Midtown, LLC*, 23-22845 (SHL)

Ms. Penachio:

      We represent Pavle Zivkovic and the class member creditors (the "Class Creditors") in the above-referenced action. As you know, on January 29, 2024, the bankruptcy court ordered your client, debtor David Ghatanfard ("DG"), to produce information in response to the list set forth in "Exhibit A" of the Court's Order by February 20, 2024. *See* ECF. No. 50 (the "Order"). Additionally, you agreed on behalf of Laura Christy Midtown, LLC ("LCM") to produce the documents on the attached enclosure in lieu of the Class Creditors having to file a Rule 2004 motion. We write to address the deficiencies in the discovery responses you provided on behalf of DG in this matter in advance of our meet and confer scheduled for February 27, 2024 at 2:00 p.m.

      As a threshold matter, as you further know, the Order required the production of documents from DG, on a rolling basis, to be completed by no later than February 20, 2024. Very few documents were produced for DG and, other than two tax returns, no documents were produced by LCM.

      Additionally, I understand you advised my counsel, Ilana Volkov, on February 23, 2024, that DG does not have an email account and, therefore, has no email communications in response to the document demands. You also stated you believe he does not text. Taking your representations at face value, it is also highly incredible that DG did/does not have agents communicating on his behalf, whether those agents are Rosey Kalajian ("Kalajian"), his accountants, his counsel, or his business partners. Therefore, any communications initiated,

received or responded to by DG's agents (whoever they may be) that are responsive to the document demand attached as "Exhibit A" to the Order must be produced forthwith.

In **Request No. 1**, the Class Creditors ask DG to produce all documents on which he relied to list the value of the Oak Grove Property at $2,500,000 in his bankruptcy filings. There do not appear to be any documents in the production that indicate that the Oak Grove Property has been valued at $2,500,000. Your responses should be supplemented to provide responsive information or indicate, in writing, that DG does not have any responsive documents.

In **Request No. 2**, the Class Creditors ask DG to produce documents and communications concerning the transfer of his interest in the Oak Grove Property to Kalayjian, including information about any alleged consideration Kalayjian provided in exchange for the transfer. In response, DG produced only a copy of the deed transferring title to Ms. Kalayjian. Your responses should be supplemented to provide any additional responsive information in DG's possession, custody or control or indicate, in writing, that he does not have any further responsive documents.

In **Request No. 3**, the Class Creditors ask DG to produce documents and communications concerning the mortgage on the Oak Grove Property in favor of Select Portfolio Servicing ("SPS"), including with respect to the distribution of loan proceeds. In response, DG produced (1) one mortgage statement, and (2) a Patriot Bank statement for January 2022 indicating that the loan proceeds were deposited and immediately withdrawn. DG has not produced any documents indicating where the loan proceeds went after they were withdrawn from his Patriot Bank account. Your responses should be supplemented to provide all additional responsive information in DG's possession, custody or control.

In **Request No. 4**, the Class Creditors ask DG to produce all documents and communications concerning the sale of the Harrison Property, including with respect to the distribution of sale proceeds. DG has not produced any documents in response to this request. Your responses should be supplemented to provide all responsive documents in DG's possession, custody or control.

In **Request No. 5**, the Class Creditors ask DG to produce documents concerning any art, antiques or jewelry he owns or has owned during the four-year period before the Petition Date, individually or jointly, including any insurance policies that would have identified those items of personal property. In response, DG produced only an insurance policy for his Southampton property. He did not provide, for example, any renters insurance policy he has for his Yonkers property or any policies previously had at the Southampton property or Harrison property. Your production should be supplemented to provide all responsive documents in DG's possession, custody or control.

In **Request No. 6**, the Class Creditors ask DG to list all bank accounts and investment accounts he owns or has owned during the four-year period before the Petition Date, individually or jointly, and all statements for those accounts during such period. In response, DG produced bank statements for a (1) a Patriot Bank account for 2019-2023, (2) a Connecticut Community Bank account from 2022 to the end of 2023, and (3) a Bank of America account for 2022 only. As an initial matter, please confirm, in writing, that during the four-year period before the Petition Date, DG did not have any other bank or investment accounts other than those for which he

2

provided statements. In addition, please provide immediately statements for the Bank of America account for 2023 and 2024.

In **Requests Nos. 7 and 8**, the Class Creditors ask DG to produce a list of all corporations, partnerships, limited liability companies, and businesses (including, but not limited to, Laura Christy Midtown, LLC, Laura Christy, LLC, One If By Land, Bella Serra, Valbella CT, Oak Grove Road LLC, and Valbella at the Park LLC) in which he holds or held any direct or indirect interest during the four-year period before the Petition Date and all documents and communications concerning (a) such interests and (b) the transfer of any such interests during such period, and (c) distribution of any consideration paid/delivered to DG for any transfers of interest. In response, DG produced certain formation documents for Valbella at the Park LLC ("VATP") and Oak Grove Road LLC ("OGR") only. Significantly, DG did not produce any operating agreements and/or amendments for OGR. DG also produced tax returns for Laura Christy Midtown LLC for 2020 and 2021 but did not produce tax returns for any other years for that entity or for other businesses at all, including OGR and VATP. Your responses should be supplemented to produce all responsive documents in DG's possession, custody or control including, but not limited to, all constituting documents, transfer records and tax returns for each of the aforementioned entities for each year from 2019 to the present.

In **Request No. 9**, the Class Creditors ask DG to provide a list of all monies paid by him or on his behalf to Abrams Festerman during and the dates of invoices to which such payments relate. DG has not provided any responsive information. Those documents should be produced immediately.

In **Request No. 10**, the Class Creditors ask DG to provide documents and communications on which he relied to list Valbella at the Park, LLC as a creditor on the Schedules and Statement of Financial Affairs. DG has not provided any responsive information. Those documents should be produced immediately.

In **Request No. 15**, the Class Creditors ask DG to provide documents and communications concerning the transfer of any of his other assets outside the ordinary course of business, including gifts, during the four-year period before the Petition Date. DG has not provided any responsive information. Those documents should be produced immediately.

In **Request No. 16**, the Class Creditors ask DG to provide his personal federal and state tax returns for the years 2019, 2020, 2021, and 2022. In response, DG produced only his 2022 tax returns. DG's tax returns for 2019, 2020, 2021 should be produced immediately.

In **Request No. 17**, the Class Creditors ask DG to provide records of all compensation he paid to Penachio Malara, LLP. In response, DG provided statements from his account at Connecticut Community Bank that indicate a payment of $15,000 to Penachio Malara, LLP; however, DG's schedules indicate that he paid at least $20,000 to that law firm. The remaining responsive information should be produced immediately.

3

      Finally, as you know, the Court ordered that DG's deposition to take place by March 5, 2024. We cannot take DG's deposition until he has completed his document production. Accordingly, please produce all responsive information no later than Friday March 1, 2024 and let us know DG's availability to be deposed in mid-March.

**JOSEPH & KIRSCHENBAUM LLP**

_____
Josef Nussbaum

Enclosure:  LCM Document Demand