# EXHIBIT Q

HARRINGTON, OCKO & MONK LLP
Attorneys for Interested Party Rosey Kalayjian
Kevin J. Harrington, Esq.
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800
kharrington@homlegal.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――X

In re:

DAVOUD GHATANFARD a/k/a
DAVID GHATANFARD,

　　　　　　　　Debtor.
―――――――――――――――――――――X

Chapter 11
Subchapter V

Case No. 23-22840 (SHL)

## ROSEY KALAYJIAN'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ZIVKOVIC'S RULE 2004 DEMANDS

In accordance with the Instructions to Zivkovic's Rule 2004 document requests, non-party Rosey Kalayjian hereby supplements her previously-served objections and responses as follows:

1. *All documents and communications concerning the transfer of the Debtor's interest in the Oak Grove Property to you on or about March 25, 2022, including, but not limited to, concerning any alleged consideration you provided to the Debtor in exchange for the transfer.*

**Responses and Objections:** Ms. Kalayjian objects to this request on the grounds that the documents requested have been previously obtained by Zivkovic via discovery in other actions, and via production by the Debtor in this action. These duplicative requests for documents that are already in Zivkovic's possession are clearly designed to harass and burden Ms. Kalayjian.

1

Subject to and without waiving the foregoing objections, Ms. Kalayjian refers Zivkovic to the aforementioned previous productions, and further refers to her August 23, 2023 declaration in *Zikovic v. Laura Christy LLC*, 17-cv-00553-GHW and the exhibits thereto.

**Supplemental Response:** All documents responsive to this request are believed to be in Zivkovic's possession; specifically: Bargain and Sale Deed dated 5/25/2022; Ms. Kalayjian's August 23, 2023 declaration in *Zikovic v. Laura Christy LLC*, 17-cv-00553-GHW and the exhibits thereto; bank account statements for Citibank account ending 1520; and bank account statements for Patriot Bank accounts ending 5258 and 6761. Ms. Kalayjian is not aware of any other documents or communications in her possession, custody or control responsive to this request. Ms. Kalayjian further reserves the right to rely on any and all documents previously produced and/or obtained by Zivkovic in discovery in any action or by any other means in support of her defenses.

2. *A list of all bank accounts and investment accounts in which you currently have or have had any interest from November 2019 to the present, individually or jointly.*

**Responses and Objections**: Ms. Kalayjian objects to this request on the grounds that the documents requested have been previously obtained by Zivkovic via discovery in other actions, including document productions, subpoenas and depositions, and via production by the Debtor in this action. These duplicative requests for information that is already in Zivkovic's possession are clearly designed to harass and burden Ms. Kalayjian. Ms. Kalayjian further objects to this request on the grounds that it is not a proper document demand, but instead is in the form of an interrogatory or deposition question, and, thus, is duplicative of the deposition requested by Zivkovic and ordered by the court. To the extent documents are requested, please see Ms. Kalayjian's objections and responses to request 4.

2

**Supplemental Response:**

- Patriot Bank account ending 5258 (Rosey Kalayjian)
- Patriot Bank account ending 6761 (Rosey Kalayjian and David Ghatanfard)
- Citibank account ending 1520 (Rosey Kalayjian)
- Charles Schwab account (Roseannette Kalayjian)

3. *A list of all other accounts, not identified in response to #2, over which you currently have or have had signatory authority from November 2019 to the present.*

**Responses and Objections**: Ms. Kalayjian objects to this request on the grounds that the documents requested have been previously obtained by Zivkovic via discovery in other actions, including document productions, subpoenas and depositions, and via production by the Debtor in this action. These duplicative requests for information that is already in Zivkovic's possession are clearly designed to harass and burden Ms. Kalayjian. Ms. Kalayjian further objects to this request on the grounds that it is not a proper document demand, but instead is in the form of an interrogatory or deposition question, and, thus, is duplicative of the deposition requested by Zivkovic and ordered by the court. To the extent documents are requested, please see Ms. Kalayjian's objections and responses to request 4.

**Supplemental Response:**

- Bank of America account ending 2811 (Valbella at the Park)
- Bank of America account ending 6189 (Valbella at the Park)
- Bank of America account ending 2824 (Oak Grove Road LLC)
- Seacoast Bank (Hamptons Consulting Services LLC)

3

***4. All documents concerning the source of the funds contained in the accounts identified in response to ##'s 2 and 3 and all statements for each such account from September 2020 to the present.***

**Responses and Objections:** Ms. Kalayjian objects to this request on the grounds that the documents requested have been previously obtained by Zivkovic via discovery in other actions, including document productions, subpoenas and depositions, and via production by the Debtor in this action. These duplicative requests for documents that are already in Zivkovic's possession are clearly designed to harass and burden Ms. Kalayjian.

Ms. Kalayjian further objects to this request to the extent it seeks documents that are in the possession of entities that are not parties to this action and have not been properly served with a subpoena, and/or from or about which Zivkovic has already obtained the requested documents.

Ms. Kalayjian further objects to this request to the extent it seeks documents that have no conceivable connection to the Debtor's estate, including, without limitation, documents concerning Ms. Kalayjian's personal 401K account at Charles Schwab, which was rolled over from Ms. Kalayjian's 401K with her prior employer. *See* Documents bates numbered RK 161-180. Ms. Kalayjian will not produce other documents concerning this account, as any further request for documents concerning this account would be an improper attempt to invade the private affairs of a non-debtor for no purpose other than harassment.

Ms. Kalayjian further objects to the request for "[a]ll documents concerning the source of the funds" contained in several accounts, as this demand is patently overbroad, abusive and harassing for several reasons. First, it is not limited to transactions that are connected to the Debtor. To the contrary, it improperly requests information about numerous transactions that

4

have no connection with the Debtor or the Debtor's affairs, such as (by way of example and not limitation) Ms. Kalayjian's paychecks, savings and retirement funds from sources not connected to the Debtor. Second, it improperly requests information about transactions as to which the source is not disputed and is apparent from the bank statements themselves, such as (by way of example and not limitation) social security payments, direct deposits of paychecks, transfers between the accounts at issue, and routine transactions in the ordinary course of the operation of ongoing non-party businesses, such as (by way of example and not limitation) Valbella at the Park. Third, it improperly requests information that the requesting party has already received about transactions it has already investigated at length via document demands, subpoenas and depositions. Fourth, to the extent any of the transactions are connected to the Debtor, the requesting party has already received information about these transactions from the Debtor and/or other sources, and requests for the same information from Ms. Kalayjian serve no purpose except to burden and harass her.

Subject to and without waiving the foregoing objections, Ms. Kalayjian refers the requesting party to the aforementioned previous discovery, and further has produced documents bates numbered RK 1-180.

**Supplemental Response:** Ms. Kalayjian is further producing documents bates numbered RK 295-307.

5. *All documents and communications concerning your membership interest, if any, in Valbella at the Park, LLC or Oak Grove Road LLC.*

<u>**Responses and Objections**</u>**:** Ms. Kalayjian objects to this request on the grounds that the documents requested have been previously obtained by the requesting party via discovery in other actions, including document productions, subpoenas and depositions, and via production by

5

the Debtor in this action. These duplicative requests for documents that are already in the requesting party's possession are clearly designed to harass and burden Ms. Kalayjian.

Subject to and without waiving the foregoing objections, Ms. Kalayjian refers the requesting party to the aforementioned previous discovery, and further has produced documents bates numbered RK 181-274.

**Supplemental Response:** As confirmed by prior correspondence between counsel, Zivkovic is already in possession of the following documents responsive to this request:

- 2021 and 2022 Tax returns for Oak Grove Road LLC and Valbella at the Park LLC (*see* bates nos. RK 181-274 and prior correspondence between counsel);

- Limited Liability Company Agreement of Oak Grove Road, LLC (2/26/2021) (produced in Valbella action with bates Def 293-303);

- Corporate Organization Documents of Oak Grove Road, LLC (filed in 17-cv-553 with docket no. 420-30);

- Corporate Organization Documents of Valbella at the Park LLC and amendments thereto, resolution and written consent (produced in Valbella action with bates Def 1-32);

- Assignment and Assumption of Membership Interest (produced in Valbella action with bates Def 307-308);

- First Amendment to the Operating Agreement of Oak Grove Road LLC (produced in Valbella action with bates Def 304-306);

- Order Confirmation dated 2/10/2021 from incorporate.com (produced by Debtor in response to 2004 requests);

6

- Account statements, account opening documents, signature cards, deposit records and cancelled checks for Patriot Bank accounts ending 5258 and 6761 and Bank of America accounts ending 2824 and 6189;
- Documents produced in the Valbella action with bates numbers Def 631-39536.

Ms. Kalayjian is further producing documents bates numbered RK 290-294. Ms. Kalayjian is not aware of any other documents or communications in her possession, custody or control responsive to this request. Ms. Kalayjian further reserves the right to rely on any and all documents previously produced and/or obtained by Zivkovic in discovery in any action or by any other means in support of her defenses.

### 6. *All documents and communications concerning any payments you made to obtain any membership interest in Valbella at the Park, LLC or Oak Grove Road LLC.*

**Responses and Objections**: Ms. Kalayjian objects to this request on the grounds that the documents requested have been previously obtained by the requesting party via discovery in other actions, including document productions, subpoenas and depositions, and via production by the Debtor in this action. These duplicative requests for documents that are already in the requesting party's possession are clearly designed to harass and burden Ms. Kalayjian. Among other things, the requesting party conducted an extensive investigation on this precise issue in the action titled *Zivkovic v. Valbella at the Park*, 22-cv-7344 (S.D.N.Y.), which investigation included extensive document demands and productions, subpoenas to obtain bank records and other documents, and two depositions of Ms. Kalayjian. Counsel's attempt to demand this same information yet again serves no purpose except harassment of Ms. Kalayjian.

Subject to and without waiving the foregoing objections, Ms. Kalayjian refers the requesting party to the aforementioned previous discovery.

7

**Supplemental Response:** As confirmed by prior correspondence between counsel, Zivkovic is already in possession of the following documents responsive to this request:

- 2021 and 2022 Tax returns for Oak Grove Road LLC and Valbella at the Park LLC (*see* bates nos. RK 181-274 and prior correspondence between counsel);

- Limited Liability Company Agreement of Oak Grove Road, LLC (2/26/2021) (produced in Valbella action with bates Def 293-303);

- Corporate Organization Documents of Oak Grove Road, LLC (filed in 17-cv-553 with docket no. 420-30);

- Corporate Organization Documents of Valbella at the Park LLC and amendments thereto, operating agreement, resolution and written consent (produced in Valbella action with bates Def 1-32);

- Assignment and Assumption of Membership Interest (produced in Valbella action with bates Def 307-308);

- First Amendment to the Operating Agreement of Oak Grove Road LLC (produced in Valbella action with bates Def 304-306);

- Order Confirmation dated 2/10/2021 from incorporate.com (produced by Debtor in response to 2004 requests);

- Account statements, account opening documents, signature cards, deposit records and cancelled checks for Patriot Bank accounts ending 5258 and 6761 and Bank of America accounts ending 2824 and 6189.

Ms. Kalayjian is further producing documents bates numbered RK 290-294. Ms. Kalayjian is not aware of any other documents or communications in her possession, custody or control responsive to this request. To the extent Zivkovic is seeking records concerning the source of

8

funds in Ms. Kalayjian's individual Patriot Bank account as of September 2020, Ms. Kalayjian refers Zivkovic to her August 23, 2023 declaration in *Zikovic v. Laura Christy LLC*, 17-cv-00553-GHW and Exhibit 3 thereto. Ms. Kalayjian further reserves the right to rely on any and all documents previously produced and/or obtained by Zivkovic in discovery in any action or by any other means in support of her defenses.

7. ***All documents and communications concerning the transfer of any of the Debtor's other real or personal assets to you or on your behalf, including gifts, during the period November 2019 to November 2023.***

**Responses and Objections:** Ms. Kalayjian objects to this request on the grounds that the documents requested have been previously obtained by the requesting party via discovery in other actions, including document productions, subpoenas and depositions, and via production by the Debtor in this action. These duplicative requests for documents that are already in the requesting party's possession are clearly designed to harass and burden Ms. Kalayjian.

Subject to and without waiving the foregoing objections, Ms. Kalayjian refers the requesting party to the aforementioned previous discovery and to the documents produced in response to other requests, above.

**Supplemental Response:** Ms. Kalayjian is not aware of any such documents or communications in her possession, custody or control that would be responsive to this request other than the documents referenced in response to other requests, above.

8. ***All documents and communications concerning any transfers you made (a) in excess of $10,000, and/or (b) outside of ordinary course living expenses since July 5, 2023.***

**Responses and Objections:** Ms. Kalayjian objects to this request on the grounds that the documents requested have been previously obtained by the requesting party via discovery in

9

other actions, including document productions, subpoenas and depositions, and via production by the Debtor in this action. These duplicative requests for documents that are already in the requesting party's possession are clearly designed to harass and burden Ms. Kalayjian.

Subject to and without waiving the foregoing objections, Ms. Kalayjian refers the requesting party to the aforementioned previous discovery and to the documents produced in response to other requests, above.

**Supplemental Response:** Any transactions entered into by Ms. Kalayjian would be reflected in the bank statements for the accounts referenced in response to other requests. Ms. Kalayjian is not aware of any other documents or communications in her possession, custody or control that would be responsive to this request.

Dated: White Plains, New York
       March 1, 2024

HARRINGTON, OCKO & MONK, LLP

By: *[signature]*
Kevin J. Harrington
Erin Durba
*Counsel for Interested Party*
ROSEY KALAYJIAN
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800
kharrington@homlegal.com
edurba@homlegal.com

10