**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DAVOUD GHATANFARD a/k/a<br>DAVID GHATANFARD,<br><br>        Debtor. | Case No. 23-22840-shl<br><br>Chapter 11<br><br>Subchapter V |

### ORDER CONVERTING THE DEBTOR'S CHAPTER 11 CASE
### TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

THIS MATTER having been opened to the Court upon the motion, dated March 8, 2024, of Pavle Zivkovic, on behalf of himself and others similarly situated ("Movant"), for an order, pursuant to Section 1112(b) of the Bankruptcy Code, converting the Chapter 11 bankruptcy case of Davoud Ghatanfard a/k/a David Ghatanfard (the "Debtor") to a case under Chapter 7 of the Bankruptcy Code [Docket No. 55] (the "Motion"), with an opposition filed by the Debtor on March 26, 2024 [Docket No. 61], Movant filing a reply on April 1, 2024 [Docket No. 64], and the Debtor having filed supplemental opposition to the Motion [Docket No. 66];[1] and the Court having held hearings on the Motion on April 4, 2024 and April 10, 2024 (the "Hearings"); *and with those Hearings addressing whether "cause" exists to justify the requested relief and, if so, whether the appropriate relief would be to convert the case to Chapter 7 or to expand the powers of the Subchapter V Trustee, see In re Corinthian Communications, Inc., 624 B.R. 224 (Bankr. S.D.N.Y. 2022)*; and after due deliberation, the Court having concluded, for the reasons stated on the record at the Hearings, that good and sufficient cause exists for granting the Motion *and having found cause for dismissal or conversion under Section 1112(b) of the Bankruptcy Code,*

---

[1] Capitalized terms used but not otherwise used herein shall have the meanings ascribed to them in the Motion.

*including the Debtor's conflict of interest in pursuing potential fraudulent transfer claims and other claims of the estate, see, e.g., In re Duling Sons, Inc., 650 B.R. 578, 581-82 (Bankr. S.D.N.Y. 2023); In re Rust Rebar, 641 B.R. 412, 423 (Bankr. S.D. Fla. 2002); and noting the Movant's opposition to expanding the powers of the Subchapter V Trustee and the Movant's steadfast position that the case be converted to Chapter 7; and given the Movant's opposition to expanding the powers of the Subchapter V Trustee, the Court having concluded that conversion to Chapter 7 is the appropriate remedy for all the reasons stated on the record at the Hearings*; and the Court finding that notice of the Motion was adequate and proper under the circumstances of this case and that no other notice is necessary; now, therefore, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. Pursuant to 11 U.S.C. § 1112(b) Debtor's Chapter 11 case is hereby converted to a case under Chapter 7 of the Bankruptcy Code.

3. ~~This order is stayed until April 19, 2024, subject to the Debtor filing a Notice of Appeal and a Stay Pending Appeal with the United States District Court for the Southern District of New York no later than 5:00 p.m. on April 15, 2024.~~

4. ~~Upon expiration of the stay pending appeal granted by this Order or by the District Court, that~~ Yann Geron, the Subchapter V Trustee shall be, and is hereby terminated and discharged of his duties as Subchapter V Trustee for the Debtors' cases.

5. The Office of the United States Trustee shall appoint a Chapter 7 Trustee, provided that any action taken by the Chapter 7 Trustee shall await expiration of the stay pending appeal granted by this Order or by the District Court.

6. *Upon the Debtor's oral application for a stay pending appeal at the hearing on April 10, 2024, the Court will grant the request with conditions. As explained at the hearing*

2

*<u>on April 10, 2024, this Order is stayed until April 19, 2024 at 5:00 p.m., subject to the Debtor filing a Notice of Appeal and a motion for a stay pending appeal with the United States District Court for the Southern District of New York no later than April 15, 2024.</u>*

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: White Plains, New York
April 11, 2024

*<u>/s/ Sean H. Lane</u>*
United States Bankruptcy Judge