# PENACHIO MALARA, LLP
### ATTORNEYS AT LAW
**245 Main Street, Suite 450**
**White Plains, New York 10601**

| | | |
|---|---|---|
| **FRANCIS J. MALARA*** <br> **ANNE J. PENACHIO*** <br> _____ <br> **JENNIFER RAGGO, Paralegal** <br> ---------------------------------------------- <br> ***Also admitted in CT** | **Telephone (914) 946-2889** <br> **Facsimile (914) 206-4884** <br> www.pmlawllp.com | frank@pmlawllp.com <br> apenachio@pmlawllp.com <br> jraggo@pmlawllp.com |

April 15, 2024

**Electronically Filed**

The Honorable Sean H. Lane
United States Bankruptcy Court
The Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 10601

        Re:    David Ghatanfard
                  Chapter 11 Case No.: 23-22840 (shl)

                  Laura Christy Midtown, LLC
                  Chapter 11 Case No.: 23-22845 (shl)

Dear Judge Lane:

      I serve as counsel to David Ghatanfard and Laura Christy Midtown LLC, the above-referenced Chapter 11 debtors (together, the "Debtors"). I am writing with respect to the orders entered on April 12, 2024 in each case, copies of which are annexed hereto. The Debtors have filed the notices of appeal promptly last week. I received the transcripts this morning. I understand that the motion for the stay cannot be filed until a District Court index number is assigned. A copy of the Appeal Guidelines are annexed hereto. I understand that the Bankruptcy Clerks Office in Manhattan is attending to same, but it appears unlikely that it will be issued today. Without a number, it is simply impossible to file the stay motions.

      I am writing to request that the Orders be amended to extend the stay until Friday to afford the Debtors the ability to procedurally file the motions for a stay in accordance with District Court rules. I have attached a proposed order for your consideration. The only change is in paragraph 6.

                                                            Respectfully,
                                                           /s/ Anne Penachio
                                                           Anne Penachio

AP:jr

Cc: All parties

**MEMORANDUM ENDORSED ORDER:**
**The deadline for filing a motion for a stay pending appeal is extended until 24 hours after the district court provides a docket number for the pending appeal, an event which is expected to occur within the next 24 to 48 hours. Assuming such a motion for stay relief is timely filed, the stay is extended for seven days from the filing of such motion.**
**So Ordered.**
**Dated: April 15, 2024**
**/s/ Sean H. Lane**
**United States Bankruptcy Judge**

(Updated 11/2023)

# FILING AN APPEAL OF A BANKRUPTCY COURT ORDER, JUDGMENT OR DECREE

The following instructions must be read together with the Federal Rules of Civil Procedure (FRCP), the Federal Rules of Bankruptcy Procedure (FRBP), the Local Rules of the Southern District of New York and this Court's Local Rules and Procedures.

**NOTICE OF APPEAL**

A party who wishes to appeal a bankruptcy court's final decision or an interlocutory order specified in 28 U.S.C. § 158(a)(3) must file a Notice of Appeal, substantially in conformance with Official Bankruptcy Form 417A (with a copy of the order, judgment or decree attached) with the bankruptcy court pursuant to FRBP 8002.

In addition to the requirements set forth in FRBP 8003(a)(3), the appellant shall:

(1) include in the notice of appeal the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys;

(2) pay the docket fee when the notice of appeal is filed; and[1]

(3) (for attorneys only)[2] submit the civil cover sheet electronically as an attachment to the notice of appeal. The civil cover sheet may be obtained from the district court's website [*https://www.nysd.uscourts.gov/forms/civil-cover-sheet*].

Attorneys must file the notice of appeal electronically through CM/ECF, accompanied by the above-referenced civil cover sheet as an attachment. Self-represented individuals may electronically submit a notice of appeal by using the court's **pro se upload** program *or* send by mail to the address listed on the court's website.

A Notice of Appeal filed after the decision or order is announced but before it is entered is treated as filed on the day of entry. A Notice of Appeal filed after entry of judgment but before the last of the motions listed in FRBP 8002(b)(1) is treated as filed when the order determining the last of the motions is entered. *See* FRBP 8002(b)(2).

**CIVIL COVER SHEET**

(For attorneys only)[2] If the appeal is related to another pending case in the district court, the appellant must provide the information required on the civil cover sheet and file a Related Case Statement, SDNY LR 13(b), which can be located in the District Court's Rules for the Division of Business Section.

---

[1] The filing fee for a Notice of Appeal can be found on the bankruptcy court's website under Court Info/Filing Fees.
[2] Self-represented individuals are not required to submit a civil cover sheet.

If the appeal or proceeding has been previously filed in the SDNY at any time, provide the following information required on the civil cover sheet: the judge previously assigned; whether the case was voluntary or involuntary and, if the case was dismissed, provide date & case number.

**STAY PENDING APPEAL**

Ordinarily, a party must first move in the bankruptcy court for a stay pending appeal or other intermediate requests for relief specified in FRBP 8007(a), either before or after a notice of appeal is filed. However, a motion for a stay pending appeal cannot be filed in the district court unless a Notice of Appeal has already been filed. If such a stay is to be sought from the district court after a notice of appeal has been filed but before the appeal appears on the district court docket, the movant must obtain from the clerk of the bankruptcy court the district court civil case number and name of the district judge assigned to the appeal, and thereafter file with the clerk of the district court the motion for relief.[3] The movant must give reasonable notice of the motion to all parties affected by the order from which the appeal is being taken.

**PERMISSION TO APPEAL**

A party seeking to appeal from an interlocutory order or decree of the bankruptcy court under 28 USC § 158(a)(3) must file a motion for leave to appeal as specified in FRBP 8004(a) and (b). The motion for leave to appeal must be accompanied by a district court civil cover sheet with the Notice of Appeal as instructed above (for attorneys only).[2]

A party responding to a motion for leave to appeal must file a response in opposition or a cross-motion in the district court within 14 days after the motion is served. FRBP 8004.

An authorization of direct appeal by the Second Circuit Court of Appeals acts as a grant of leave to appeal if the district court has not already granted leave. FRBP 8004(e).

**DIRECT APPEALS**

A certification of a judgment, order or decree of a bankruptcy court for direct review in the Court of Appeals under 28 USC § 158(d)(2)(A) must be filed with the clerk of court where the matter is pending. For purposes of FRBP 8006(b) only, a matter remains "pending" in the bankruptcy court for 30 days after the effective date of the appeal in order to provide the bankruptcy judge with an opportunity to decide the issue of certification.

---

[3] To obtain the district court civil case number, contact the divisional office of the bankruptcy court in which the case is pending, as follows:
*Manhattan and White Plains*: Contact Mr. Anatin Rouzeau [212-284-4078].
*Poughkeepsie*: Contact Ms. Gwen Kinchen [845-452-4200, ext. 6365].

2

**RECORD ON APPEAL FRBP 8009**

**Designation of the Record.** The appellants must file with the bankruptcy court and serve on the appellee a designation of items to be included in the record on appeal and a statement of the issues to be presented within 14 days after the notice of appeal becomes effective pursuant to FRBP 8002 or an order granting leave to appeal is entered.

Within 14 days after being served, the appellee may file with the bankruptcy court and serve on the appellant a designation of additional items to be included in the record and a statement of issues to be presented on the cross-appeal. *See* FRBP 8009 for additional designation information.

No paper copies of designated items are required, except as provided in the district judge's Individual Practices Rules or an order entered by the court. FRBP 8009; http://www.nysd.uscourts.gov/judges/District

**Transcripts.** The duties of the parties to provide a transcript are set forth in FRBP 8009(b). If a transcript has been docketed in the case, a party may simply add the document number to the designation, whether or not the transcript is restricted from public view. To request a transcript of a court recorded hearing, follow the instructions on the bankruptcy court's website at http://www.nysb.uscourts.gov/obtaining-transcripts.

Transcript designations filed by counsel must be electronically filed.

**Sealed Documents.** A document placed under seal by the bankruptcy court may be designated as part of the record on appeal. In doing so, a party must identify it without revealing confidential or secret information. Pursuant to FRBP 8009(f), the bankruptcy court may not transmit it to the district court without permission. Instead, a party must file a motion with the district court to accept the document under seal. If the motion is granted, the movant must notify the bankruptcy court of the ruling, and the bankruptcy court will promptly transmit the sealed document to the district court.

**Correcting/modifying record.** If any difference arises about whether the record truly discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by that court and the record conformed accordingly pursuant to FRBP 8009(e).

**Transmittal of the Record.** When the record is complete, the bankruptcy appeals clerk will transmit the record to the U.S. District Court, Southern District of New York, and enter a notice that the record is available electronically. Subsequently, a Notice of Transmittal of the Record on Appeal is entered in the U.S. Bankruptcy Court, Southern District of New York case docket. The Notice of Transmittal of the Record includes the district court civil case number.

**DOCKET FEE**

Filing fees can be found on the bankruptcy court's website at https://www.nysb.uscourts.gov/fees-and-rates.

Parties other than debtors may pay the fee **with a credit card** or by cashier's check, certified bank check, business or corporate check, or money order drawn on a major American bank or the United States Postal Service, and made payable to *Clerk, U.S. Bankruptcy Court*. Major credit cards (MasterCard/Visa, Discover, American Express) are also accepted

If the appeal is dismissed or denied, the docket fee will not be refunded to the appellant.

An appellant who cannot afford to pay the fee must apply to the district court[4] for *"in forma pauperis"* ("IFP") status.

---

[4] Application to Proceed without Prepaying Fees or Costs (IFP Application) may be found under Forms on the district court's website [www.nysd.uscourts.gov].

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DAVOUD GHATANFARD a/k/a
DAVID GHATANFARD,

Debtor.

Case No. 23-22840-shl

Chapter 11

Subchapter V

### ORDER CONVERTING THE DEBTOR'S CHAPTER 11 CASE
### TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

THIS MATTER having been opened to the Court upon the motion, dated March 8, 2024, of Pavle Zivkovic, on behalf of himself and others similarly situated ("Movant"), for an order, pursuant to Section 1112(b) of the Bankruptcy Code, converting the Chapter 11 bankruptcy case of Davoud Ghatanfard a/k/a David Ghatanfard (the "Debtor") to a case under Chapter 7 of the Bankruptcy Code [Docket No. 55] (the "Motion"), with an opposition filed by the Debtor on March 26, 2024 [Docket No. 61], Movant filing a reply on April 1, 2024 [Docket No. 64], and the Debtor having filed supplemental opposition to the Motion [Docket No. 66];[1] and the Court having held hearings on the Motion on April 4, 2024 and April 10, 2024 (the "Hearings"); *and with those Hearings addressing whether "cause" exists to justify the requested relief and, if so, whether the appropriate relief would be to convert the case to Chapter 7 or to expand the powers of the Subchapter V Trustee, see In re Corinthian Communications, Inc., 624 B.R. 224 (Bankr. S.D.N.Y. 2022)*; and after due deliberation, the Court having concluded, for the reasons stated on the record at the Hearings, that good and sufficient cause exists for granting the Motion *and having found cause for dismissal or conversion under Section 1112(b) of the Bankruptcy Code,*

---

[1] Capitalized terms used but not otherwise used herein shall have the meanings ascribed to them in the Motion.

*including the Debtor's conflict of interest in pursuing potential fraudulent transfer claims and other claims of the estate, see, e.g., In re Duling Sons, Inc., 650 B.R. 578, 581-82 (Bankr. S.D.N.Y. 2023); In re Rust Rebar, 641 B.R. 412, 423 (Bankr. S.D. Fla. 2002); and noting the Movant's opposition to expanding the powers of the Subchapter V Trustee and the Movant's steadfast position that the case be converted to Chapter 7; and given the Movant's opposition to expanding the powers of the Subchapter V Trustee, the Court having concluded that conversion to Chapter 7 is the appropriate remedy for all the reasons stated on the record at the Hearings*; and the Court finding that notice of the Motion was adequate and proper under the circumstances of this case and that no other notice is necessary; now, therefore, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. Pursuant to 11 U.S.C. § 1112(b) Debtor's Chapter 11 case is hereby converted to a case under Chapter 7 of the Bankruptcy Code.

3. ~~This order is stayed until April 19, 2024, subject to the Debtor filing a Notice of Appeal and a Stay Pending Appeal with the United States District Court for the Southern District of New York no later than 5:00 p.m. on April 15, 2024.~~

4. ~~Upon expiration of the stay pending appeal granted by this Order or by the District Court, that~~ Yann Geron, the Subchapter V Trustee shall be, and is hereby terminated and discharged of his duties as Subchapter V Trustee for the Debtors' cases.

5. The Office of the United States Trustee shall appoint a Chapter 7 Trustee, provided that any action taken by the Chapter 7 Trustee shall await expiration of the stay pending appeal granted by this Order or by the District Court.

6. *Upon the Debtor's oral application for a stay pending appeal at the hearing on April 10, 2024, the Court will grant the request with conditions. As explained at the hearing*

2

***on April 10, 2024, this Order is stayed until April 19, 2024 at 5:00 p.m., subject to the Debtor filing a Notice of Appeal and a motion for a stay pending appeal with the United States District Court for the Southern District of New York no later than April 15, 2024.***

7.     This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: White Plains, New York
       April 11, 2024

                                                          ***/s/ Sean H. Lane***
                                                          United States Bankruptcy Judge

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LAURA CHRISTY MIDTOWN, LLC,<br><br>Debtor. | Case No. 23-22845-shl<br><br>Chapter 11<br>Subchapter V |

**ORDER CONVERTING THE DEBTOR'S CHAPTER 11 CASE
TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

THIS MATTER having been opened to the Court upon the motion, dated March 8, 2024, of Pavle Zivkovic, on behalf of himself and others similarly situated ("Movant"), for an order, pursuant to Section 1112(b) of the Bankruptcy Code, dismissing the Chapter 11 bankruptcy case of Laura Christy Midtown (the "Debtor") [Docket No. 33] (the "Motion"), with an opposition filed by the Debtor on March 27, 2024 [Docket No. 39], the Movant filing a reply on April 1, 2024 [Docket No. 40], and the Debtor having filed supplemental opposition [Docket No. 42];[1] and the Court having held hearings on the Motion on April 4, 2024 and April 10, 2024 (the "Hearings"); and after due deliberation, the Court having concluded, for the reasons stated on the record at the Hearings, that good and sufficient cause exists to convert this case to a case under Chapter 7 of the Bankruptcy Code**, including that the related Chapter 11 case of Davoud Ghatanfard (Case No. 23-22840) is being converted to Chapter 7; and the Court concluding that, based on statements in this case and during litigation elsewhere, questions remain regarding the relationship of this Debtor to Mr. Ghatanfard and Mr. Ghatanfard's other entities that should be examined by a Chapter 7 Trustee, particularly given allegations of fraudulent transfers made by Mr. Ghatanfard**; and the Court finding that notice of the Motion was adequate and proper under the

---

[1] Capitalized terms used but not otherwise used herein shall have the meanings ascribed to them in the Motion.

circumstances of this case and that no other notice is necessary; now, therefore, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. Pursuant to 11 U.S.C. § 1112(b) Debtor's Chapter 11 case is hereby converted to a case under Chapter 7 of the Bankruptcy Code.

3. ~~This order is stayed until April 19, 2024, subject to the Debtor filing a Notice of Appeal and a Stay Pending Appeal with the United States District Court for the Southern District of New York no later than 5:00 p.m. on April 15, 2024.~~

4. ~~Upon expiration of the stay pending appeal granted by this Order or by the District Court, that~~ Yann Geron, the Subchapter V Trustee shall be, and is hereby terminated and discharged of his duties as Subchapter V Trustee for the Debtors' cases.

5. The Office of the United States Trustee shall appoint a Chapter 7 Trustee, provided that any action taken by the Chapter 7 Trustee shall await expiration of the stay pending appeal granted by this Order or by the District Court.

6. ***Upon the Debtor's oral application for a stay pending appeal at the hearing on April 10, 2024, the Court will grant the request with conditions.  As explained at the hearing on April 10, 2024, this Order is stayed until April 19, 2024 at 5:00 p.m., subject to the Debtor filing a Notice of Appeal and a motion for a stay pending appeal with the United States District Court for the Southern District of New York no later than April 15, 2024.***

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: April 11, 2024
White Plains, New York

*/s/ Sean H. Lane*
The Honorable Sean H. Lane
United States Bankruptcy Judge

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DAVOUD GHATANFARD a/k/a DAVID GHATANFARD,<br><br>      Debtor. | Case No. 23-22840-shl<br><br>Chapter 11<br><br>Subchapter V |

### AMENDED ORDER CONVERTING THE DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

THIS MATTER having been opened to the Court upon the motion, dated March 8, 2024, of Pavle Zivkovic, on behalf of himself and others similarly situated ("Movant"), for an order, pursuant to Section 1112(b) of the Bankruptcy Code, converting the Chapter 11 bankruptcy case of Davoud Ghatanfard a/k/a David Ghatanfard (the "Debtor") to a case under Chapter 7 of the Bankruptcy Code [Docket No. 55] (the "Motion"), with an opposition filed by the Debtor on March 26, 2024 [Docket No. 61], Movant filing a reply on April 1, 2024 [Docket No. 64], and the Debtor having filed supplemental opposition to the Motion [Docket No. 66];[1] and the Court having held hearings on the Motion on April 4, 2024 and April 10, 2024 (the "Hearings")***; and with those Hearings addressing whether "cause" exists to justify the requested relief and, if so, whether the appropriate relief would be to convert the case to Chapter 7 or to expand the powers of the Subchapter V Trustee, see In re Corinthian Communications, Inc., 624 B.R. 224 (Bankr. S.D.N.Y. 2022)***; and after due deliberation, the Court having concluded, for the reasons stated on the record at the Hearings, that good and sufficient cause exists for granting the Motion ***and having found cause for dismissal or conversion under Section 1112(b) of the Bankruptcy Code,***

---

[1] Capitalized terms used but not otherwise used herein shall have the meanings ascribed to them in the Motion.

***including the Debtor's conflict of interest in pursuing potential fraudulent transfer claims and other claims of the estate, see, e.g., In re Duling Sons, Inc., 650 B.R. 578, 581-82 (Bankr. S.D.N.Y. 2023); In re Rust Rebar, 641 B.R. 412, 423 (Bankr. S.D. Fla. 2002); and noting the Movant's opposition to expanding the powers of the Subchapter V Trustee and the Movant's steadfast position that the case be converted to Chapter 7; and given the Movant's opposition to expanding the powers of the Subchapter V Trustee, the Court having concluded that conversion to Chapter 7 is the appropriate remedy for all the reasons stated on the record at the Hearings***; and the Court finding that notice of the Motion was adequate and proper under the circumstances of this case and that no other notice is necessary; now, therefore, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. Pursuant to 11 U.S.C. § 1112(b) Debtor's Chapter 11 case is hereby converted to a case under Chapter 7 of the Bankruptcy Code.

3. ~~This order is stayed until April 19, 2024, subject to the Debtor filing a Notice of Appeal and a Stay Pending Appeal with the United States District Court for the Southern District of New York no later than 5:00 p.m. on April 15, 2024.~~

4. ~~Upon expiration of the stay pending appeal granted by this Order or by the District Court, that~~ Yann Geron, the Subchapter V Trustee shall be, and is hereby terminated and discharged of his duties as Subchapter V Trustee for the Debtors' cases.

5. The Office of the United States Trustee shall appoint a Chapter 7 Trustee, provided that any action taken by the Chapter 7 Trustee shall await expiration of the stay pending appeal granted by this Order or by the District Court.

6. ***Upon the Debtor's oral application for a stay pending appeal at the hearing on April 10, 2024, the Court will grant the request with conditions. As explained at the hearing***

2

***on April 10, 2024, this Order is stayed until April 19, 2024 at 5:00 p.m., subject to the Debtor filing a Notice of Appeal*** ~~***and a motion for a stay pending appeal***~~ ***with the United States District Court for the Southern District of New York no later than April 15, 2024.***

7.  This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: White Plains, New York
      April  , 2024

                                                                                          _____
                                                                                         United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LAURA CHRISTY MIDTOWN, LLC,<br><br>Debtor. | Case No. 23-22845-shl<br><br>Chapter 11<br>Subchapter V |

**AMENDED ORDER CONVERTING THE DEBTOR'S
CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE
BANKRUPTCY CODE**

THIS MATTER having been opened to the Court upon the motion, dated March 8, 2024, of Pavle Zivkovic, on behalf of himself and others similarly situated ("Movant"), for an order, pursuant to Section 1112(b) of the Bankruptcy Code, dismissing the Chapter 11 bankruptcy case of Laura Christy Midtown (the "Debtor") [Docket No. 33] (the "Motion"), with an opposition filed by the Debtor on March 27, 2024 [Docket No. 39], the Movant filing a reply on April 1, 2024 [Docket No. 40], and the Debtor having filed supplemental opposition [Docket No. 42];[1] and the Court having held hearings on the Motion on April 4, 2024 and April 10, 2024 (the "Hearings"); and after due deliberation, the Court having concluded, for the reasons stated on the record at the Hearings, that good and sufficient cause exists to convert this case to a case under Chapter 7 of the Bankruptcy Code, **_including that the related Chapter 11 case of Davoud Ghatanfard (Case No. 23-22840) is being converted to Chapter 7; and the Court concluding that, based on statements in this case and during litigation elsewhere, questions remain regarding the relationship of this Debtor to Mr. Ghatanfard and Mr. Ghatanfard's other entities that should be examined by a Chapter 7 Trustee, particularly given allegations of fraudulent transfers made by Mr. Ghatanfard_**; and the Court finding that notice of the Motion was adequate and proper under the

---

[1] Capitalized terms used but not otherwise used herein shall have the meanings ascribed to them in the Motion.

circumstances of this case and that no other notice is necessary; now, therefore, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. Pursuant to 11 U.S.C. § 1112(b) Debtor's Chapter 11 case is hereby converted to a case under Chapter 7 of the Bankruptcy Code.

3. ~~This order is stayed until April 19, 2024, subject to the Debtor filing a Notice of Appeal and a Stay Pending Appeal with the United States District Court for the Southern District of New York no later than 5:00 p.m. on April 15, 2024.~~

4. ~~Upon expiration of the stay pending appeal granted by this Order or by the District Court, that~~ Yann Geron, the Subchapter V Trustee shall be, and is hereby terminated and discharged of his duties as Subchapter V Trustee for the Debtors' cases.

5. The Office of the United States Trustee shall appoint a Chapter 7 Trustee, provided that any action taken by the Chapter 7 Trustee shall await expiration of the stay pending appeal granted by this Order or by the District Court.

6. ***Upon the Debtor's oral application for a stay pending appeal at the hearing on April 10, 2024, the Court will grant the request with conditions. As explained at the hearing on April 10, 2024, this Order is stayed until April 19, 2024 at 5:00 p.m., subject to the Debtor filing a Notice of Appeal*** ~~*and a motion for a stay pending appeal*~~ ***with the United States District Court for the Southern District of New York no later than April 15, 2024.***

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order.

Dated: April 15, 2024  
White Plains, New York

/  
The Honorable Sean H. Lane  
United States Bankruptcy Judge

2