GERON LEGAL ADVISORS LLC  
Yann Geron  
Nicole N. Santucci  
370 Lexington Avenue, Suite 1208  
New York, New York 10017  
(646) 560-3224  
ygeron@geronlegaladvisors.com  
nsantucci@geronlegaladvisors.com  

Hearing Date: September 24, 2024  
Hearing Time: 10:00 a.m.  

Objection Deadline: September 17, 2024  

*Attorneys for Yann Geron, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------------x  
In re                                                          :     Chapter 7  
                                                               :  
DAVOUD GHATANFARD a/k/a                                        :     Case No. 23-22840-shl  
DAVID GHATANFARD,                                              :  
                                                               :  
                          Debtor.                              :  
------------------------------------------------------------------x  

### TRUSTEE'S OBJECTION TO CERTAIN OF THE DEBTOR'S CLAIMED EXEMPTIONS

TO THE HONORABLE SEAN H. LANE,  
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), as Chapter 7 trustee of the estate of Davoud Ghatanfard a/k/a David Ghatanfard (the "Debtor"), the above-captioned debtor, by his attorneys, Geron Legal Advisors LLC, as and for his objection (the "Objection"), pursuant to Rule 4003(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking an order denying and/or limiting certain of the Debtor's claimed exemptions, respectfully sets forth and represents:

### Jurisdiction

1. This Court has jurisdiction over this case and Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On November 13, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") [DE 1].

3. The Debtor elected to proceed under Subchapter V of Chapter 11. Therefore, no official committee of unsecured creditors was appointed or established in this case.

4. On November 13, 2024, the United States Trustee (the "UST") filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the Debtor's case [DE 5].

5. The Debtor continued to operate his business and manage his property as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 from the Petition Date until April 11, 2024 when the Bankruptcy Court entered the Order Granting Motion to Convert Case to Chapter 7 [DE 68].

6. On April 29, 2024, Yann Geron was appointed the Chapter 7 Trustee of the Debtor's estate [DE 81].

7. On June 19, 2024, the Debtor filed Amended Schedules [DE 98].

8. By stipulation and order, dated July 25, 2024, the Trustee's time to object to the Debtor's exemptions pursuant to Bankruptcy Rule 4003 was extended through and including August 30, 2024.

**Relief Requested**

9. By this Objection, the Trustee seeks to deny or substantially limit the scope of the following claimed exemptions of the Debtor: (i) 100% of the fair market value, up to any applicable statutory limit, of the funds in the Debtor's Connecticut Community Bank account

2

(ending in 7590) which was scheduled with a value of $1,040, and (ii) 100% of the funds in the Debtor's Patriot Bank account (ending in 6761) which was scheduled with a value of $10,000.

10. The Debtor's Amended Schedule C did not specify which statute the Debtor purports to rely on in support of the alleged exemption with respect to the Connecticut Community Bank account.

11. The Debtor's Amended Schedule C alleges that 100% of the funds in his Patriot Bank account are exempt pursuant to 42 U.S.C. § 407.

12. Bankruptcy Rule 4003(b)(1) provides, in relevant part, as follows: "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension".

13. Pursuant to Bankruptcy Rule 4003(b)(1), the Trustee's time to object to the Debtor's claimed exemptions was extended by this Court on consent through and including August 30, 2024.

14. Although the Debtor did not specify any statutory basis for the alleged exemption with respect to the Connecticut Community Bank account, New York State Civil Practice Law and Rules ("CPLR") § 5205(9) provides that, if no homestead exemption is claimed, a debtor may exempt up to one thousand dollars in personal property, **bank account** or cash (emphasis added). In the instant case, the Debtor has claimed a homestead exemption under New York law. Therefore, the Debtor is not entitled to claim an exemption with respect to the Connecticut Community Bank account under CPLR § 5205(9).

3

15. 42 U.S.C. § 407 provides that social security benefits are not "subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law". The Debtor asserts that the funds in his Patriot Bank account represent social security benefits and therefore are fully exempt.

16. The Trustee's preliminary analysis of the Debtor's Patriot Bank account reflects that since August 2022, the funds deposited into this account consist of the Debtor's social security benefits. However, prior to August 2022, it appears that the Debtor deposited significant income into this account which did not consist of social security benefits. While the Trustee does not object to the claimed exemption to the extent it attaches to funds which are directly traceable to social security benefits, and up to the $10,000 amount claimed by the Debtor, because this account included significant non-social security funds, the Trustee objects to the attachment of the exemption to the account as a whole. In his administration of this estate, the Trustee will likely be seeking to avoid transactions made by the Debtor with non-social security funds from this account. Therefore, the Trustee requests an order clarifying that the exemption applies solely to social security payments up to $10,000, and that the exemption does not apply to the account as a whole or to funds that do not represent social security benefits.

## Notice

21. Notice of this Objection, along with complete copies of the Objection have been served upon counsel to the Debtor, all parties requesting notice, and the United States Trustee. The Trustee submits that no other or further notice is required or necessary.

## No Prior Relief

22. Except as detailed herein, no previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed as Exhibit A, approving the Objection and granting him such other further relief as is just.

| | |
|---|---|
| Dated:   New York, New York<br>             August 28, 2024 | GERON LEGAL ADVISORS LLC<br>*Attorneys for Yann Geron, Chapter 7 Trustee* |

By: */s/ Yann Geron*
Yann Geron
Nicole N. Santucci
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com

5