**PRESENTMENT DATE: DECEMBER 29, 2025 AT 12:00 P.M. (Prevailing Eastern Time)**
**OBJECTION DEADLINE: DECEMEBER 26, 2025 AT 4:00 P.M. (Prevailing Eastern Time)**

| | |
|---|---|
| HARRINGTON, OCKO & MONK LLP | HARRINGTON, OCKO & MONK LLP |
| Attorneys for Interested Party Rosey Kalayjian | Attorneys for Interested Party and Creditor |
| & Hamptons Consulting Services, LLC | Valbella At The Park, LLC |
| Kevin J. Harrington | Kevin J. Harrington |
| Michael W. Freudenberg | Michael W. Freudenberg |
| 81 Main Street, Suite 215 | 81 Main Street, Suite 215 |
| White Plains, NY 10601 | White Plains, NY 10601 |
| (914) 686-4800 | (914) 686-4800 |
| kharrington@homlegal.com | kharrington@homlegal.com |
| mfreudenberg@homlegal.com | mfreudenberg@homlegal.com |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

In re:                                                                   Chapter 7

DAVOUD GHATANFARD a/k/a                              Case No. 23-22840 (shl)
DAVID GHATANFARD,

               Debtor.
————————————————————X

In re:                                                                   Chapter 7

LAURA CHRISTY MIDTOWN LLC,                       Case No. 23-22845 (shl)

               Debtor.
————————————————————X

**INTERESTED PARTIES ROSEY KALAYJIAN, HAMPTONS CONSULTING SERVICES, LLC, AND VALBELLA AT THE PARK, LLC'S OBJECTION TO CHAPTER 7 TRUSTEE's PRESENTMENT OF STIPULATION AND AGREED ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW CONTINUATION OF THE CLASS ACTION <u>FOR ALL PURPOSES, INCLUDING ENTRY OF FINAL JUDGMENT</u>**

Interested Parties ROSEY KALAYJIAN, HAMPTONS CONSULTING SERVCES, LLC and VALBELLA AT THE PARK, LLC ("VATP") by their undersigned attorneys, hereby respectfully submit this objection to the Chapter 7 Trustee's presentment of stipulation and agreed order modifying the automatic stay to allow continuation of the class action for all purposes, including entry of final judgment as follows:

**TO:   THE HONORABLE SEAN H. LANE,
       UNITED STATES BANKRUPTCY JUDGE**

## I.   INTRODUCTION

1.   The applications (the "Application") of Yann Geron, not individually but solely in his capacity as the Chapter 7 trustee (the "DG Trustee") of the estate (the "DG Estate") of Davoud Ghatanfard a/k/a David Ghatanfard (the "DG Debtor") and Albert Togut, not individually but solely in his capacity as the Chapter 7 trustee (the "LCM Trustee") of the estate (the "LCM Estate") of Laura Christy Midtown LLV (the "LCM Debtor"), seeking the Court to So-Order a *Stipulation and Agreed Order Modifying the Automatic Stay to Allow Continuation of the Class Action for All Purposes, Including Entry of Final Judgment (the "Stipulation")*" should be denied in its entirety.

2.   Valbella at the Park ("VATP") is an interested party with standing to object to this Application as it is not only a creditor but it is a Defendant in the Successor Liability Action that the Trustee seeks to have the automatic stay lifted in. The reason that the successor liability action was brought against VATP in District Court in 2022 ("Successor Liability Action") was to collect on the $5,092,017.85 (the "Judgment") against the Debtors in the underlying District Court Action Zivkovic v. Laura Christy LLC, et al, 17 CV 553 (GHW)(GWG) ("District Court Action"). But for the Judgment that was obtained against the Debtor, there would be no Successor Liability Action against VATP.

2

3. Likewise, Rosey Kalayjian ("Kalayjian") and Hamptons Consulting Services LLC ("HCS") have standing to object to this Application as they are Defendants in an adversary proceeding brought by the DG Trustee against them bearing Adversary Proceeding No. 25-07032-shl. Kalayjian is also subject to an Attachment Order issued by Hon. Gregory H. Woods in the District Court Action that was issued shortly after the Judgment was entered.

## II. The Trustee's Application Should be Denied on the Grounds of Judicial Estoppel, the Basis for Reinstating the FLSA Claims Set Forth in Judge Woods May 6, 2024 Order Have Not Been Met

4. The Trustees' Application seeking to lift the automatic stay so that a proposed amended Judgment be entered, over three years after the original Judgment was entered, is entirely without legal or factual support, and should be denied in its entirety. Specifically, the Trustees request that in addition to the New York Labor Law claims ("NYLL"), the Judgment should be amended to also enter Judgment against Defendants on the FLSA claims. As will be shown herein, the FLSA claims have already been dismissed by Judge Woods in the District Court Action pursuant to the motion of the Class Plaintiffs, the conditions for restoring such claims have not been met, and the time to reargue/appeal such Order of Judge Woods has long since passed.

5. By way of background, in response to a Mandate from the Second Circuit seeking clarity on the status of the FLSA claims, the Class Plaintiffs took the position that the FLSA claims were conditionally dismissed and that the Judgment only related to Plaintiffs' NYLL claims. In fact, Plaintiffs successfully moved to have the FLSA claims conditionally dismissed. By Order dated May 6, 2024 (annexed hereto as Exhibit A), Judge Woods granted Plaintiffs' motion for a conditional dismissal of the FLSA claims, stating in relevant part as follows:

> "…Plaintiffs' motion for conditional dismissal of their still-pending FLSA claims pursuant to Fed. R. Civ. P. 41(a)(2) is GRANTED."

3

\*\*\*

It is further ORDERED that the Plaintiffs' FLSA claims are dismissed in light of the jury verdict and judgment in favor of Plaintiffs on their NYLL claims. (citations omitted)

\*\*\*

It is further ORDERED that the Plaintiffs' FLSA claims may be reinstated if, but only if, the judgment in Plaintiffs' favor on the NYLL claims is reversed or otherwise vacated by the Second Circuit on appeal. (citations omitted)"

6.  In a brazen and remarkable fashion, and without any supporting facts or case law whatsoever, the Trustees are now requesting that Your Honor permit the automatic stay to be lifted to seek to rewrite history, reinstate the FLSA claims that were dismissed at the Class Plaintiffs request and amend the Judgment to include awarding judgment on the FLSA claims despite the undisputed fact that they were not any part of the jury trial that resulted in the Judgment. This charade by counsel is done not only in direct contravention of Judge Woods May 6, 2024 Order which dismissed the FLSA claims, but also with the intention of preventing an appeal of the resulting Judgment and attempting to have a final Judgment entered on claims that were not before the jury or included in the verdict.

7.  The Trustees, stepping into the shoes of the Class Plaintiffs, should be judicially estopped from taking the position now that both the FLSA and NYLL claims should both be included in the Judgment when the Class Plaintiffs previously took the position in response to a Mandate from the Second Circuit that only the NYLL claims were tried and the FLSA claims were conditionally dismissed. Indeed, Class Plaintiffs made a motion seeking conditional dismissal of the FLSA claims which motion was granted by Judge Woods. See Exhibit A. Now they seek to dramatically change their position with the respect to the dismissal of the FLSA claims and seek instead to reinstate such claims and enter Judgment for Plaintiffs on such claims. This is all done

4

in violation of Judge Woods' Order which expressly held "the Plaintiffs' FLSA claims may be reinstated if, but only if, the Judgment in Plaintiffs' favor on the NYLL claims is reversed or otherwise vacated by the Second circuit on Appeal."  See Exhibit A.

8.      The doctrine of judicial estoppel prevents the Trustees from attempting to have the stay lifted for the purposes of seeking to amend the Judgment.  "Judicial estoppel, or the doctrine of inconsistent positions, precludes a party who assumed a certain position in a prior legal proceeding, and who secured a favorable judgment, from assuming a contrary position in another action simply by reason of a change in interests." *Stop & Shop Supermarket Co.v. Vornado Realty Trust,* 35 A.D.3d 241, 243, 827 N. Y.S.2d 26, 27 (1st Dep't 2006) (citation omitted).  Judicial estoppel generally is applied where a party to an action has secured a judgment in its favor by adopting a certain position and later seeks to adopt a contrary position in the same or a different proceeding. *Tilles Investment Co. v. Town of Oyster Bay,* 207 A.D.2d 393, 394, 615 N.Y.S.2d 895 (2d Dep't 1994); *Hinman. Straub, Pigors & Manning, P.C. v. Broder,* 124 A.D.2d 392, 393, 507 N.Y.S.2d 761, 762 (3d Dep't 1986).

9.      The "purpose" of judicial estoppel "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire,* 532 U.S. at 749-50 (internal quotation marks and citations omitted). In this District and in the Second Circuit, judicial estoppel applies where "(1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." *Lapointe,* 2017 WL 1397311, at *5 (quoting *Robinson v. Concentra Health Servs., Inc.,* 781 F.3d 42, 45 (2d Cir. 2015)). The Second Circuit also on occasion has examined (3) whether "the party asserting the two positions would derive an unfair advantage," although it

5

"do[es] not always require a showing of unfair advantage." *BPP Illinois, LLC v. Royal Bank of Scot. Grp. PLC,* 859 F.3d 188, 194 (2d Cir. 2017) (citing *In re Adelphia Recovery Trust,* 634 F.3d 678, 695-96 (2d Cir. 2011).) Courts in this Circuit also consider (4) whether "allow[ing] a party ... to take a[n inconsistent] position" in a subsequent proceeding would pose a "risk to judicial integrity." *Adelphia Recovery Trust v. Goldman Sachs & Co.,* 748 F.3d 110, 116-17 (2d Cir. 2014).

10. Judicial estoppel is "routinely" applied "when a position taken in bankruptcy court is inconsistent with the position taken in another court." *Raizberg v. JVCJSC Gulfstream Sec. Sys.,* 11 Civ. 8498 (KMW), 2013 WL 1245545, at *4 (S.D.N.Y. Mar. 26, 2013) . That is because "[i]n the bankruptcy context, judicial estoppel protects the integrity of the bankruptcy system". *Id.*

11. The Trustees are vainly attempting through any means possible to address the finality issue raised by the Second Circuit by rewriting history, disregarding a Court order and ignoring a well-established legal principle. VATP, Kalayjian and HCS vehemently oppose this unorthodox and improper request that directly seeks to violate Judge Woods Order and attempts to make a non-final and unenforceable Judgment against the Debtors final and enforceable based upon fictious facts and circumstances that also violates the doctrine of judicial estoppel.

### III. At the outset, the Trustees' Application Seeking to Lift the Automatic Stay Made by Presentment Should be Denied as it Does Not Comply with Local Bankruptcy Rule 9074-1 and this Court's Chambers Rules

12. The Trustees' within application is sought on presentment. A motion seeking to lift the automatic stay is not one of the motions which can be made by Notice of Presentment, as the Trustee has done here, pursuant to Local Bankruptcy Rule 9074-1. Moreover, this Court's Chambers Rules specifically state under "Notices of Presentment" as follows: "Motions for relief from the automatic stay will not be considered on presentment. Additionally, relief that is likely to be opposed should not be sought by presentment." Here, not only did Trustees file this

6

application by Notice of Presentment in violation of Local Bankruptcy Rule 9074-1 and Chambers Rules since it seeks relief from the automatic stay, but also because Trustee was aware, or at the very least should have been aware, that there would be opposition to such application. The Trustees' defective filing should result in the application being denied on its face, in addition to on the merits.

### IV. There Is No Final Judgment of The District Court with Which the Trustees Can Seek Judgment Enforcement

13. The Judgment obtained by Pavle Zivkovic and the class members after trial in the amount of $5,092,017.85 against David Ghatanfard and Laura Christy Midtown LLC d/b/a Valbella, was appealed by the Debtor and the other trial defendants to the Second Circuit. The judgment obtained in the District Court and appealed to the Second Circuit becomes the critical lynchpin of the Trustees' judgment enforcement efforts.

14. On appeal, the Second Circuit remanded the case to the District Court to obtain a clarification of the status of claims under the Fair Labor Standards Act ("FLSA"), which claims were never formally dismissed, but were not included among the causes of action submitted to the jury. The only claims actually submitted to the jury and adjudicated at trial were claims under the New York Labor Law ("NYLL").

15. On appeal, the Second Circuit could not determine from the record the post-trial status of the FLSA claims, and therefore remanded the case to the District Court to obtain such a clarification. In the Second Circuit's decision dismissing the appeal (annexed hereto as Exhibit B) the Second Circuit detailed the process it went through to clarify the status of the FLSA claims, finding as follows:

> As we were unable to locate in the record any order dismissing or otherwise adjudicating the FLSA claims, we remanded to the district court, asking it to "clarify the record as to the status of the [FLSA] claims," *Zivkovic I*, 94 F.4th at

7

270. We noted that the "lack of clarity as to the status of the FLSA claims impairs our ability to review Defendants' challenges," which not only would affect defendants' contention that the court was required to decline supplemental jurisdiction and dismiss the case, but more fundamentally "leads to questions about the validity of the district court's judgment certifying this appeal pursuant to Federal Rule of Civil Procedure 54(b)." *Id*. at 271.

See Exhibit B, p. 10.

16. After the Order remanding the case back to the District Court, the District Court solicited and received submissions from the litigants as to such a clarification. After hearing from both sides on remand, the district court entered an order stating, in pertinent part, as follows:

> WHEREAS Plaintiffs have moved pursuant to Fed. R. Civ. P. 41(a)(2) to *conditionally dismiss* their FLSA claims as moot in light of the judgment in their favor on the NYLL claims *without prejudice to reinstatement if but only if the judgment in their favor on the NYLL claims is reversed or otherwise vacated on appeal*;
>
> WHEREAS Plaintiffs cannot recover twice under both the FLSA and NYLL for the same injury, . . . and Plaintiffs' damages award on their NYLL claims subsumed any award to which they may have been entitled under the FLSA . . . ;
>
> …
>
> NOW, THEREFORE, it is HEREBY ORDERED that *Plaintiffs' motion for conditional dismissal of their still-pending FLSA claims* pursuant to Fed. R. Civ. P. 41(a)(2) is GRANTED.
>
> It is further ORDERED that Plaintiffs' FLSA claims are dismissed in light of the jury verdict and judgment in favor of Plaintiffs on their NYLL claims. . . .
>
> It is further ORDERED *that Plaintiffs' FLSA claims may be reinstated if, but only if, the judgment in Plaintiffs' favor on the NYLL claims is reversed or otherwise vacated by the Second Circuit on appeal. See* Purdy v. Zeldes, 337 F.3d 253, 257 (2d Cir. 2003) . . . .
>
> The conditional dismissal of the FLSA claims ordered here is consistent with the Court's understanding of the effect and intent of the parties' stipulation regarding the trial of only Plaintiffs' NYLL claims--namely that trial of the NYLL claims would simplify the issues to be

8

presented to the jury and not have a substantive adverse impact on the positions of any party with respect to Plaintiffs' wage and hour claims.

See Exhibit A.

17. After receiving the District Court's post remand Order set forth above, the Second Circuit analyzed the status of the Judgment, particularly in light of the FLSA claims and made the following determination.

> We conclude further that the nature of the conditional dismissal, preserving plaintiffs' right to pursue their FLSA claims if the judgment in their favor on the NYLL claims is overturned on appeal, means that the FLSA claims were not finally resolved, and that the Rule 54(b) certification for entry of a partial final judgment was inapt.
>
> In *Zivkovic I*, we noted that "[i]t is undisputed that the NYLL and FLSA claims form part of the same case or controversy," 94 F.4th at 271. The subclass plaintiffs asserted seven causes of action, including two claims that defendants failed to pay plaintiffs the minimum wage, in violation of the FLSA and NYLL (see Complaint ¶¶ 52-55 and ¶¶ 61-65, respectively), and two claims that defendants failed to pay plaintiffs the proper overtime amounts, in violation of the FLSA and NYLL (see Complaint ¶¶ 56-60 and ¶¶ 66-69, respectively). We noted that the lack of clarity in the record as to whether the FLSA claims had been adjudicated caused us to have "questions about the validity of the district court's judgment certifying this appeal pursuant to Federal Rule of Civil Procedure 54(b)." *Zivkovic I*, 94 F.4th at 271.
>
> As described in Part I.B. above, the district court in its 2024 Order clarified the status of the FLSA claims by, at plaintiffs' request, dismissing the FLSA claims conditionally, reserving to plaintiffs the right to reinstate those claims if their NYLL claims are reversed or otherwise vacated on appeal. We have considerable difficulty with the 2024 Order, first as to its insufficiency to achieve the finality required by § 1291, and second as to its assessment, for Rule 54(b) purposes, of judicial efficiency.
>
> A. *Statutory Jurisdiction*
>
> "Federal appellate jurisdiction" under § 1291 "generally depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks omitted). While defendants argue

9

23-22840-shl   Doc 165   Filed 12/26/25   Entered 12/26/25 13:24:16   Main Document
Pg 10 of 15

that plaintiffs' FLSA claims should already have been dismissed for lack of subject matter jurisdiction on the basis that they became moot the moment that the 2022 Judgment was entered on the jury verdict for plaintiffs on the NYLL claims, there could be no such "execution" of the 2022 Judgment because any mootness of the FLSA claims was (and currently is) inchoate. To be sure, the 2024 Order makes clear that plaintiffs will have no right to reinstate the FLSA claims if the judgment on their NYLL claims is affirmed. But until there is such an affirmance, the FLSA claims are not dead; and there can be no affirmance if appellate jurisdiction is lacking. Thus, with or without the 2024 order, the FLSA claims are not moot so long as any party has a right to have the decision on the NYLL claims reviewed.

Our § 1291-related difficulty with the 2024 Order itself is that it allows the subclass plaintiffs to make an end-run around that section's finality requirement; and indeed it ensures that if plaintiffs do not preserve their victory on the NYLL claims, their defeat is not final.

However, where a plaintiff receiving a decision that dismissed some but not all of his claims has sought immediate appellate review by voluntarily dismissing the other claims without prejudice, we have generally found § 1291 unsatisfied and have dismissed for lack of appellate jurisdiction.

Allowing appeals when some claims remain merely dormant would work an "end-run around the final judgment rule" because "a dismissal without prejudice does not preclude another action on the same claims, (and) a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal."

Thus, an "'immediate appeal is unavailable to a plaintiff who seeks review of an adverse decision on some of its claims by voluntarily dismissing the others without prejudice."

In sum, the conditional dismissal placed plaintiffs in a win-win situation, allowing them to appeal the NYLL aspect of the case without a final resolution of their overlapping FLSA claims, and allowing them to pursue their overlapping FLSA and NYLL claims even if they lose on appeal.

B. *Rule 54(b)*

Nor can we agree with the parties that the district court's 2024 Order was an appropriate Rule 54(b) certification. First, "[t]o be certified under Rule 54(b), an order must possess the degree of finality

10

required to meet the appealability requirements of 28 U.S.C. § 1291." *Kahn v. Chase Manhattan Bank, N.A.,* 91 F.3d 385, 388 (2d Cir. 1996)(internal quotation marks omitted). As we have already held, the conditional dismissal here lacks finality.

Given that plaintiffs' FLSA and NYLL claims arise from the same factual circumstances but have different parameters, and that there is a federal policy against piecemeal appeals, *see* generally 28 U.S.C. § 1291; *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 10 (1980), we conclude that the Rule 54(b) certification for a final judgment as to the NYLL claims was inappropriate in light of plaintiffs' reservation of the right to reinstate their FLSA claims if they lose on appeal with respect to their NYLL claims. There being no final judgment that meets the requirements of § 1291 and Rule 54(b), we lack jurisdiction to entertain this appeal from the decision of plaintiffs' NYLL claims.

Appeal dismissed for lack of appellate jurisdiction."

18. To attempt to solve the issues raised by the Second Circuit, and without any factual or legal support whatsoever, the Trustees are attempting through any means possible to address the finality issue raised by the Second Circuit by rewriting history, disregarding a Court order and ignoring a well-established legal principle. VATP, Kalayjian and HCS vehemently oppose this improper application that directly seeks to violate Judge Woods Order and attempts to make a non-final and unenforceable Judgment against the Debtors final and enforceable based upon fictious facts and circumstances that also violates the doctrine of judicial estoppel.

V.   **The Trustee's Application Seeking to Have the Automatic Stay Lifted Should be Denied**

19. Section 362(a) of the Bankruptcy Code provides in relevant part that

"(a) .... [A] petition filed under section 301, 302 or 303 of this title ... operates as a stay, applicable to all entities, of--(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the

11

debtor that was or could have been commenced before the commencement of the case under this title, <u>or to recover a claim against the debtor that arose before the commencement of the case under this title.</u>" 11 U.S.C. § 362(a).

20. The automatic stay affords a debtor fundamental protections under the Bankruptcy Code. *See, e.g., Midlantic Nat'l Bank v. New Jersey Dep't of Envt'l Protection,* 474 U.S. 494, 503 (1986) ("The automatic stay provision of the Bankruptcy Code ... has been described as one of the fundamental debtor protections provided by the bankruptcy laws.") (citations and internal quotations omitted); *In re Drexel Burnham Lambert Group, Inc.,* 113 B.R. 830, 836 (Bankr. S.D.N.Y. 1990) ("The automatic stay imposed by section 362(a) of the Bankruptcy Code is one of the most fundamental debtor protections provided by the bankruptcy laws.")

21. The broad protection of the automatic stay extends to all matters that may have an effect on a debtor's estate and is designed to relieve "the financial pressures that drove [the debtors] into bankruptcy." H.R. Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6297; *Official Committee of Unsecured Creditors v. PSS Steamship Co. (In re Prudential Lines, Inc.),* 114 B.R. 27, 29 (Bankr. S.D.N.Y. 1989). The automatic stay provides the debtor a "breathing spell" after the commencement of a chapter 11 case, shielding the debtor from creditor harassment at a time when the debtor's personnel should be focusing on restructuring. *See Teachers Ins. & Annuity Ass'n of Am. v. Butler,* 803 F.2d 61, 65 (2d Cir. 1986) (holding that the automatic stay applied to an appeal that otherwise would "distract ... debtor's attention from its primary goal of reorganizing"); *AP Indus. Inc. v. SN Phelps & Co. (In re AP Indus., Inc.),* 117 B.R. 789, 798 (Bankr. S.D.N.Y. 1990) (The purpose of the protection "is to give the debtor a breathing spell, an opportunity to rehabilitate its business and to enable the debtor to generate revenue.").

22. The automatic stay "is necessary to exclude any interference by the acts of others or by proceedings in other courts where such activities or proceedings tend to hinder the process of reorganization." *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 53 (2d Cir. 1976). Further, "[t]he automatic stay prevents creditors from reaching the assets of the debtor's estate piecemeal and preserves the debtor's estate so that all creditors and their claims can be assembled in the bankruptcy court for a single organized proceeding." *AP Indus.,* 117 B.R. at 798.

V. **The Trustees Has Not Met Its Burden of Demonstrating Cause for Lifting the Automatic Stay Pursuant to Section 362(d)(1) of the Bankruptcy Code**

23. Section 362(d)(1)f the Bankruptcy Code permits the Court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362. Such section provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . . ." 11 U.S.C. § 362(d)(1). Section 363(d)(1) requires the movant bear the burden of "an initial showing of cause." *Sonnax Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1285 (2d Cir. 1990).

24. If an initial showing of good cause is not made, which here it has not, "the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *In re Sonnax Indus.*, 907 F.2d at 1285; *In re Bogdanovich*, 292 F.3d at 110 ("The burden is on the moving party . . . to make an initial showing of cause. Absent such showing, relief from the effect of a stay will be denied.") (citation omitted); *Mazzeo*, 167 F.3d at 142 ("Only if the movant makes such a showing does any burden shift to the debtor; absent a showing of cause, the court should simply deny relief from the stay."); *Capital Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy

13

court should deny relief from the stay if the movant fails to make an initial showing of cause.") (internal quotation omitted).

25. In order to make the requisite initial showing of cause, the movant must demonstrate the existence of a "particularized injury" that will result from the continued application of the stay. *Global Cable, Inc. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, No. 02 CIV 9770 (RCC), 2006 WL 1559437, at *3 (S.D.N.Y. June 6, 2006) (affirming bankruptcy's court's denial of motion to lift stay). The Trustees' Application makes absolutely no mention of any injury, let alone the required "particularized injury", that will result from the continued application of the stay. Further, even if they had done so, controlling case law requires that the movant may not rely on conclusory statements of harm but must present evidence to support its initial showing of cause. *Lazard v. Texaco, Inc. (In re Texaco, Inc.)*, 81 B.R. 820, 829 (Bankr. S.D.N.Y. 1988) ("Conclusory statements that a continuance of the stay will cause irreparable harm or that injury will occur if relief is denied are insufficient to establish cause."). The Trustee makes no allegation of either urgency or of particularized injury, let alone providing any evidence in support of any claim of urgency or particularized injury. Indeed, the Trustee has submitted no evidence of what specific hardship its stands to face on account of the continued application of the automatic stay.

**WHEREFORE**, ROSEY KALAYJIAN, HAMPTONS CONSULTING SERVICES, LLC, and VALBELLA AT THE PARK, LLC respectfully request that Chapter 7 Trustee's Application be denied in its entirety, and such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
December 26, 2025

          HARRINGTON, OCKO & MONK LLP

          By: <u>s/ Michael W. Freudenberg</u>
              Kevin J. Harrington
              Michael W. Freudenberg
              *Attorneys for Interested Parties*
              ROSEY KALAYJIAN,
              HAMPTONS CONSULTING
              SERVICES, LLC, and
              VALBELLA AT THE PARK LLC
              81 Main Street, Suite 215
              White Plains, NY 10601
              (914) 686-4800
              <u>kharrington@homlegal.com</u>
              <u>mfreudenberg@homlegal.com</u>