GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Davoud Ghatanfard*
Yann Geron, Esq.
Nicole N. Santucci, Esq.
Alejandro J. Urquides, Esq.
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com
nsantucci@geronlegaladvisors.com
aurquides@geronlegaladvisors.com

TOGUT, SEGAL & SEGAL LLP
*Attorneys for Albert Togut, Chapter 7 Trustee of the estate of Laura Christy Midtown LLC*
Neil Berger, Esq.
Eitan E. Blander, Esq.
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
neilberger@teamtogut.com
eblander@teamtogut.com

**Hearing Date: June 16, 2026**
**Hearing Time: 11:00 a.m. (ET)**

**Objection Date: June 9, 2026**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

DAVOUD GHATANFARD a/k/a
DAVID GHATANFARD,

       Debtor.

Chapter 7
Case No. 23-22840 (SAB)

------------------------------------------------------------x

In re:

LAURA CHRISTY MIDTOWN LLC,

       Debtor.

Chapter 7
Case No. 23-22845 (SAB)

------------------------------------------------------------x

```
-----------------------------------------------------------------x
YANN GERON, Chapter 7 Trustee of the Estate of  :
Davoud Ghatanfard a/k/a David Ghatanfard,       :
                                                :
                        Plaintiff,              :
                                                :
-against-                                       :        Adv. Pro. No. 25- 07032 (SAB)
                                                :
ROSEY KALAYJIAN and HAMPTONS                    :
CONSULTING SERVICES LLC,                        :
                                                :
                        Defendants.             :
-----------------------------------------------------------------x
```

**TRUSTEES' JOINT APPLICATION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 9019, AUTHORIZING AND APPROVING A SETTLEMENT AGREEMENT**

TO THE HONORABLE SHIREEN A. BARDAY,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Ghatanfard Trustee"), not individually but solely as chapter 7 trustee of the estate of Davoud Ghatanfard a/k/a David Ghatanfard ("Ghatanfard"), an above-captioned debtor (the "Ghatanfard Debtor"), and Albert Togut (the "LCM Trustee" and together with the Ghatanfard Trustee, the "Trustees"), not individually but solely as chapter 7 trustee of the estate of Laura Christy Midtown LLC ("LCM"), an above-captioned debtor (the "LCM Debtor" and together with the Ghatanfard Debtor, the "Debtors"), hereby submit their joint application (the "Application") for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a global settlement agreement, dated May 5, 2026 annexed hereto as Exhibit A (the "Settlement Agreement"), among the Trustees, on the one hand, and Ghatanfard, Rosie Kalayjian ("Kalayjian"), Hamptons Consulting Services LLC ("HCS"), and Valbella at the Park, LLC ("VATP," and together with Ghatanfard, Kalajyjian, and HCS, the "Settling Defendants"), on the other hand (collectively, the Trustees and the Settling Defendants are the "Settling Parties"), providing for the settlement of all pending claims by and against the

2

Parties and the Class (defined below), including those asserted in the Class Action (defined below), the Successor Liability Action (defined below), and the above-captioned adversary proceeding commenced by the Ghatanfard Trustee against Kalayjian and HCS (Adv. Pro. No. 25-07032-sab) (the "Adversary Proceeding"). In support of this Application, the LCM Trustee respectfully submits the Declaration of Eitan Blander, Esq., annexed hereto as Exhibit B (the "Blander Declaration") and the Ghatanfard Trustee respectfully submits the Declaration of Yann Geron, Esq., annexed hereto as Exhibit C (the "Geron Declaration"). In further support of the Application, the Trustees respectfully set forth and represent:

### Summary of the Relief Requested

1.      The proposed settlement follows a long and complex history involving (i) a pre-petition judgment entered in favor of a class of certain former employees against the Debtors and others in excess of $5 million, (ii) alleged fraudulent conveyance claims asserted by the Ghatanfard Trustee against Kalayjian and HCS in the Adversary Proceeding, and (iii) alleged successor liability claims asserted by the LCM Trustee against VATP and others. Following the appointment of the Trustees, significant discovery pursuant to Bankruptcy Rule 2004, and motion practice in the Adversary Proceeding and Successor Liability Action, the Settling Parties conducted several rounds of arms' length settlement negotiations. These continued efforts recently resulted in the Settlement Agreement which resolves all claims asserted by and between the Settling Parties and the Class.

2.      By this Application, the Trustees seek authorization, pursuant to Bankruptcy Rule 9019, to approve the Settlement Agreement which they believe is in the best interest of the Debtors, their estates and creditors, and which will enable each of the Trustees to recover $1,750,000 for their respective estates.

**Jurisdiction**

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

a.  The District Court Class Action Suit and Judgment

4.      On or about January 25, 2017, a group of employees (the "Class") sued LCM and Ghatanfard, among others, in the United States District Court for the Southern District of New York in an action entitled *Zivkovic v. Laura Christy Midtown LLC, et al.* bearing index number 17-00553 (the "Class Action"). In or about April 2022, a jury trial was held, and a verdict was entered in favor of the Class. On or about June 22, 2022, a judgment was entered against the Debtors and related entities and in favor of the Class in the amount of $5,092,017.85 plus interest, fees and costs (the "Judgment").

5.      In August 2022, the Class commenced an action in the United States District Court for the Southern District of New York against VATP entitled *Zivkovic et ano v. Valbella at the Park, LLC*, Case No.: 22-cv-07344-AS (the "Successor Liability Action"), asserting that VATP is the "alter ego" or successor of the LCM Debtor and that VATP should be liable for the Judgment.

6.      The full amount of the Judgment, plus interest, remains due and owing, and as further detailed below, the Class and its representative have filed timely proofs of claim in each of the Ghatanfard and LCM bankruptcy cases in the amount of the Judgment plus interest through the respective petition dates.

4

   b.   The Debtors' Bankruptcy Proceedings

7.      On November 13, 2023, the Ghatanfard Debtor filed a voluntary petition for relief under Subchapter V of chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") [Ghatanfard DE 1].

8.      On November 13, 2024, the United States Trustee filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the Ghatanfard Debtor estate [Ghatanfard DE 5].

9.      On November 14, 2023, the LCM Debtor filed a voluntary petition for relief under Subchapter V of chapter 11 of the Bankruptcy Code in the Bankruptcy Court [LCM DE 1].

10.       On November 14, 2023, the United States Trustee filed a Notice Appointing Yann Geron as the Subchapter V Trustee of the LCM Debtor estate [LCM DE 5].

11.      While the Ghatanfard Debtor's chapter 11 case was pending, the Ghatanfard Debtor filed a motion seeking to settle the estate's claims against Kalayjian for $500,000 [Ghatanfard DE 59] (the "Prior Ghatanfard 9019 Motion").  The settlement proposed under the Prior Ghatanfard 9019 Motion was not approved.

12.      While the LCM Debtor's chapter 11 case was pending, the LCM Debtor filed a motion seeking to settle the estate's claims against VATP for $500,000 [LCM DE 37] (the "Prior LCM 9019 Motion"). The settlement proposed under the Prior LCM 9019 Motion was not approved.

13.      On April 11, 2024, the Bankruptcy Court entered an order in each Debtor's case converting such case to one under chapter 7 of the Bankruptcy Code [Ghatanfard DE 68 and LCM DE 44].

5

14. On April 29, 2024, the Ghatanfard Trustee was appointed as the interim chapter 7 trustee of the Ghatanfard Debtor's bankruptcy estate [Ghatanfard DE 81]. He has since qualified and is currently serving as permanent chapter 7 trustee of the Ghatanfard Debtor's estate.

15. On April 29, 2024, the LCM Trustee was appointed as the interim chapter 7 Trustee of the LCM Debtor's bankruptcy estate [LCM DE 57]. He has since qualified and is currently serving as permanent chapter 7 trustee of this estate.

16. Ghatanfard's bankruptcy schedules list a 100% ownership interest in LCM, a 10% ownership interest in Oak Grove Road LLC, and a 50% ownership interest in real property located at 56 Oak Grove Road, Southampton, New York 11968 (the "Southampton Property") [Ghatanfard DE 32]. Kalayjian owns the remaining 50% of the Southampton Property.

17. By a complaint dated November 13, 2025, the Ghatanfard Trustee commenced the Adversary Proceeding against Kalayjian and HCS seeking to recover alleged fraudulent transfers made by Ghatanfard to these defendants. On December 22, 2025, Kalayjian and HCS answered the Ghatanfard Trustee's complaint and generally denied liability and asserted various other defenses to the claims asserted in the Adversary Proceeding complaint. The Adversary Proceeding is pending.

c. Claims Filed Against the Debtors' Estates

18. The following proofs of claim have been filed against the Ghatanfard Debtor[2]:

| Claim No. | Claimant | Priority | Amount |
|---|---|---|---|
| 1 | Wooster 76 LLC | General, Unsecured | $187,375.05 |
| 2 | Wilmington Savings Fund Society, FSB | Secured (against the Southampton Property) | $2,120,941.21 |
| 3 | Pavle Zivkovic, as Class Representative | General, Unsecured | $6,463,767.38 |
| 4 | Pavle Zivkovic, Individually | General, Unsecured | $242,500.00 |
| 5 | Penachio Malara, LLP | Chapter 11 Administrative | $100,000.00 |

[2] The claims bar date in the Ghatanfard chapter 7 case was October 25, 2024 [Ghatanfard DE 100].

| | | | |
|---|---|---|---|
| 6 | Valbella at the Park, LLC | General, Unsecured | $928,509.85 |

19. On April 23, 2024, the Ghatanfard Debtor objected to claim nos. 3 and 4 filed by Pavle Zivkovic, on behalf of the Class and individually (together, the "Ghatanfard Employee Claims"), which claim objections are pending (together, the "Ghatanfard Claim Objections") [Ghatanfard DE 77].

20. The following proofs of claim have been filed against the LCM Debtor[3]:

| Claim No. | Claimant | Priority | Amount |
|---|---|---|---|
| 1 | New York State Department of Labor | Priority | $897.43 |
| 2 | Pavle Zivkovic, as Class Representative | General, Unsecured | $6,464,177.53 |
| 3 | Pavle Zivkovic, Individually | General, Unsecured | $492,500.00 |
| 4 | Internal Revenue Service | Priority | $5,311.01 |
| 4 | Internal Revenue Service | General, Unsecured | $656.29 |
| 5 | New York State Department of Taxation &Finance | Priority | $200.05 |
| 5 | New York State Department of Taxation &Finance | General, Unsecured | $13.92 |
| 6 | Yann Geron, as Chapter 7 Trustee of the Estate of David Ghatanfard | General, Unsecured | Unliquidated |

21. On April 23, 2024, the LCM Debtor objected to claim nos. 2 and 3 filed by Pavle Zivkovic, on behalf of the Class and individually (together, the "LCM Employee Claims"), which claim objections are pending (together, the "LCM Claim Objections") [LCM DE 53].

d. The Global Settlement

22. The Trustees have worked diligently to understand the nature of the underlying estate claims against the Settling Defendants and to ascertain if there is a way to consensually resolve the various claims asserted by and against the Parties. The Trustees reviewed pleadings, orders, and decisions in the Class Action and Bankruptcy Court cases, obtained Bankruptcy Court

---

[3] The claims bar date in the LCM chapter 7 case was October 28, 2024 [LCM DE 74].

authority to issue 2004 subpoenas upon the Settling Defendants and other third parties, obtained

financial records of the Debtors and their insiders, reviewed 2004 document production received

from insiders and third parties, and analyzed suspect transactions by and among the Debtors and

the Settling Defendants.  Over the course of two years, the Parties engaged in intermittent

settlement discussions, which initially did not bear fruit.  As time progressed, the Ghatanfard

Trustee commenced the Adversary Proceeding and the LCM Trustee continued the Successor

Liability Action.  Finally, after numerous settlement conferences and persistent good faith

negotiations, the Settling Parties and counsel to the Class agreed to a settlement in principle, which

was recently memorialized in the Settlement Agreement.

### Relief Requested

23.     By this Application, the Trustees seek approval of the Settlement Agreement. The

Settlement Agreement generally provides[4] that (i) the Settling Defendants will pay the Trustees a

total of $3,500,000: $1,750,000 each to the Ghatanfard Trustee and the LCM Trustee, (ii) the

Adversary Proceeding will be dismissed with prejudice, (iii) the Successor Liability Action will

be dismissed with prejudice, (iv) in the event of an uncured Payment Default, interest at the rate

of 15% per annum will become due and owing to each of the Trustees until the full Settlement

Payment is received, (v) certain claims filed against the Debtors' estates be withdrawn or otherwise

resolved, (vi) upon final distribution from the Debtors' respective estates to the Class, the Class

Representative shall apply to the Class Action District Court to appoint a third-party claims

administrator (the "Claims Administrator") to distribute the net settlement funds to the Class,

(vii) upon final payment to the Class, the Class Action will be dismissed with prejudice, and

---

[4]     The summary of the terms of the Settlement Agreement is included as a matter of convenience. Parties should not rely exclusively on the summary and are encouraged to review the terms of the Settlement Agreement in their entirety.

(viii) there will be a general release among the Trustees, the Debtors' estates, the Settling Defendants, and the Class.

### Applicable Legal Standards

24.     Bankruptcy Rule 9019 provides that "[o]n a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate. *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *Fischer v. Pereira (In re 47-49 Charles Street, Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994); *In re Fugazy*, 150 B.R. 103 (Bankr. S.D.N.Y. 1993).

25.     To reach such a decision, the Court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length and the degree of complexity of the litigation, the potential difficulties of collecting on a judgment "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *TMT Trailer Ferry*, 390 U.S. at 424-425.

26.     To constitute a fair and equitable compromise or settlement, the Court must find that the settlement does not "fall below the lowest level of reasonableness." *Cosoff v. Rodman (In re W.T. Grant Co).*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); *In re International Distribution Centers, Inc.,* 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

27.     The Court should also consider the fair and reasonable course of action for the Debtor's estate, with the limited available assets, giving consideration to the interests of creditors

and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. *In re Del Grosso*, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989) (citation omitted). See also *In re Culmtech, Ltd.*, 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990); *In re Lawrence & Erausguin, Inc.*, 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990); *In re Bell & Beckwith*, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

28.     The Court is not required conclusively to determine the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement reaches the threshold of reasonableness. Instead, the Court should "canvass the issues" to determine whether the proposed settlement is fair and equitable, is in the best interests of the estate and otherwise does not fall outside the range of reasonableness. *In re Apex Oil Co.*, 92 B.R. 847, 866-67 (Bankr. E.D. Mo. 1988).

29.     The settlement of disputes is encouraged and generally favored in bankruptcy cases. *See In re 2070 Rest. Grp., LLC*, Case No. 18-12323 (JLG) (Bankr. S.D.N.Y. November 4, 2004) (Memorandum Decision approving Trustee's Rule 9019 Motion);  *see also Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994);  *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (the bankruptcy court may exercise its discretion in determining whether to approve a settlement "in light of the general public policy favoring settlements").

30.     As detailed above, the proposed settlement is fair, equitable, in the best interests of the Ghatanfard Debtor estate and the LCM Debtor estate, and well within the range of reasonableness. The proposed settlement resolves the Trustees' claims against the Settling Defendants, including those asserted in the Adversary Proceeding and the Successor Liability Action, without further litigation or delay, and provides each of the Debtors' estates with an immediate $1,750,000 cash settlement payment. Additionally, certain proofs of claim filed against

10

the Debtors' estates, totaling over $3 million, will be withdrawn or waived as to payments from the estates. Finally, the Settling Defendants and the Class will exchange full releases. The settlement will enable the Trustees to complete the administration of the respective chapter 7 cases and make distributions to all allowed creditors, including the Class; all matters relating to the distribution of payments to the individual Class members (which is beyond the scope of the chapter 7 cases and the Trustees' administration of the estates) will be determined and overseen by the District Court and the Claims Administrator as part of the Class Action. The Trustees have concluded in their considered business judgment that the consideration to be realized by the Ghatanfard Debtor estate and the LCM Debtor estate, respectively, reflects fair value for the various claims and defenses, while also avoiding the costs, risks, and delays associated with the continued litigation of these complex matters in the Bankruptcy Court and the District Court. The $3.5 million settlement amount also represents a significant increase from the $1 million total settlement amount proposed under the Prior Ghatanfard 9019 Motion and the Prior LCM 9019 Motion, which were filed by the Debtors prior to the Trustees' appointments.

31.     Based on the foregoing, the Trustees respectively submit that the Settlement Agreement is reasonable and represents a fair return to the Debtors' estates and their creditors. Therefore, the Trustees respectfully request that this Court approve the Settlement Agreement.

**<u>Notice</u>**

32.     Notice of this Application has been served by first class mail upon counsel to the Settling Parties, all known individual members of the Class, counsel to the Class, all known creditors of the estates, all parties-in-interest, all parties requesting notice, and the United States Trustee. The Trustees respectfully submit that such notice complies with Bankruptcy Rule 2002

and is otherwise reasonable and appropriate, and that no other or further notice is required or necessary.

### No Prior Relief

33.    Except as otherwise detailed herein, no other application for relief sought herein has been made to this or any other Court.

*WHEREFORE*, the Trustees respectfully request that the Bankruptcy Court enter an order, substantially in the form annexed hereto as Exhibit D, approving the Settlement Agreement, and granting them such other and further relief as is deemed proper.

Dated: New York, New York  
   May 18, 2026

GERON LEGAL ADVISORS LLC  
*Attorneys for Yann Geron, Chapter 7 Trustee of the estate of Davoud Ghatanfard*

By:  /s/ Yann Geron  
  Yann Geron, Esq.  
  Nicole N. Santucci, Esq.  
  Alejandro J. Urquides, Esq.  
  370 Lexington Avenue, Suite 1208  
  New York, New York 10017  
  (646) 560-3224  
  ygeron@geronlegaladvisors.com  
  nsantucci@geronlegaladvisors.com  
  aurquides@geronlegaladvisors.com

Dated: New York, New York  
   May 18, 2026

TOGUT, SEGAL & SEGAL LLP  
*Attorneys for Albert Togut, Chapter 7 Trustee of the estate of Laura Christy Midtown LLC*

By:  /s/ Neil Berger  
  Neil Berger, Esq.  
  Eitan E. Blander, Esq.  
  One Penn Plaza, Suite 3335  
  New York, New York 10119  
  (212) 594-5000  
  neilberger@teamtogut.com  
  eblander@teamtogut.com

12