YANN GERON, CHAPTER 7 TRUSTEE OF THE
ESTATE OF DAVOUD GHATANFARD
c/o Geron Legal Advisors LLC
370 Lexington Avenue, Suite 1208
New York, New York 10017
(646) 560-3224
ygeron@geronlegaladvisors.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                  :
                                                        :          Chapter 7
                                                        :          Case No. 23-22840 (SAB)
                                                        :
DAVOUD GHATANFARD a/k/a                                  :
DAVID GHATANFARD,                                        :
                                                        :
                                Debtor.                  :
-----------------------------------------------------------------x
In re:                                                  :
                                                        :          Chapter 7
                                                        :          Case No. 23-22845 (SAB)
                                                        :
LAURA CHRISTY MIDTOWN LLC,                               :
                                                        :
                                Debtor.                  :
-----------------------------------------------------------------x
YANN GERON, Chapter 7 Trustee of the Estate of          :
Davoud Ghatanfard a/k/a David Ghatanfard,               :
                                                        :
                                Plaintiff,               :
                                                        :
-against-                                               :          Adv. Pro. No. 25- 07032 (SAB)
                                                        :
ROSEY KALAYJIAN and HAMPTONS                             :
CONSULTING SERVICES LLC,                                 :
                                                        :
                                Defendants.              :
-----------------------------------------------------------------x

**DECLARATION OF YANN GERON IN SUPPORT OF TRUSTEES' JOINT
APPLICATION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 9019,
<u>AUTHORIZING AND APPROVING A SETTLEMENT AGREEMENT</u>**

Pursuant to 28 U.S.C. § 1746, I, Yann Geron, declare:

1.      I am the chapter 7 trustee (the "Ghatanfard Trustee") of the estate of Davoud Ghatanfard a/k/a David Ghatanfard ("Ghatanfard"), an above-captioned debtor (the "Ghatanfard Debtor").

2.      I submit this declaration (the "Declaration") in support of the joint application (the "Application") of me, not individually but solely as the Ghatanfard Trustee, and Albert Togut (the "LCM Trustee" and together with the Ghatanfard Trustee, the "Trustees"), not individually but solely as chapter 7 trustee of the estate of Laura Christy Midtown LLC, an above-captioned debtor (the "LCM Debtor" and together with the Ghatanfard Debtor, the "Debtors"), for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Settlement Agreement among the Trustees, Ghatanfard, Rosie Kalayjian ("Kalayjian"), Hamptons Consulting Services LLC ("HCS"), and Valbella at the Park, LLC ("VATP," and together with Ghatanfard, Kalajyjian, and HCS, the "Settling Defendants") (collectively, the Trustees and the Settling Defendants are the "Settling Parties"), and accepted and agreed to in part by the Class Representative and the Class[1], filed contemporaneously herewith.

3.      Except as otherwise set forth herein, all statements in this Declaration are based on my personal knowledge, familiarity with the Debtors' financial affairs as recorded in documents and pleadings available to the Ghatanfard Trustee, my privileged communications with my professionals, communications with the LCM Trustee's professionals, and/or my review of relevant documents.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

4. The factual background detailed in paragraphs 4 through 22 of the Application is incorporated herein.

5. The Settlement Agreement represents the product of good faith, arms-length negotiations among the attorneys for each of the Settling Parties, as well as the Class Representative and the Class.

6. I have concluded, in the exercise of my business judgment, that the proposed settlements contemplated in the Settlement Agreement are fair, equitable, in the best interests of the Ghatanfard Debtor estate, and well within the range of reasonableness. Among other things, the Settlement Agreement (i) resolves the Trustees' claims against the Settling Defendants, including those asserted in the Adversary Proceeding and the Successor Liability Action, without further litigation or delay, and provides the Ghatanfard Debtor's estate with an immediate $1,750,000 cash settlement payment, (ii) provides that certain proofs of claim filed against the Debtors' estates, totaling over $3 million, will be withdrawn or waived, (iii) provides that the Trustees and the Settling Defendants will exchange full releases, and (iv) provides, subject to notice on all Class Members, that the Class, Class Representative, and Class Counsel will exchange full releases with the Settling Defendants. The Settlement Agreement will enable me to complete the administration of Ghatanfard Debtor's estate and make distributions to the holders of all allowed claims, including the Class. All matters relating to the distribution of payments to the individual Class members, which is beyond the scope of the Ghatanfard chapter 7 case and my administration of the Ghatanfard Debtor's estate, will be determined and overseen by the District Court and the Claims Administrator as part of the Class Action.

7. Moreover, I have concluded in my considered business judgment that the consideration to be realized by the Ghatanfard estate reflects fair value for the claims asserted

3

against the Settling Defendants and the possible defenses that could be asserted by the Settling Defendants, while also avoiding the costs, risks, and delays associated with the continued litigation of complex matters in the Bankruptcy Court and the District Court.  The $1.75 million to be received by the Ghatanfard Debtor's estate represents a significant increase from the $500,000 settlement amount proposed under the Prior Ghatanfard 9019 Motion that was filed prior to my appointment as the Ghatanfard Trustee.

8.     Moreover, the Class, which is the holder of the largest claim against the Ghatanfard estate and the LCM estate, and which opposed the prior settlements proposed under the Prior Ghatanfard 9019 Motion and the Prior LCM 9019 Motion, has consented to terms of Settlement Agreement, subject to notice of the Application on all Class Members.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Dated:     New York, New York
           May 18, 2026                    */s/ Yann Geron*
                                           Yann Geron, Chapter 7 Trustee of the Estate of
                                           Davoud Ghatanfard a/k/a David Ghatanfard
                                           c/o Geron Legal Advisors LLC
                                           370 Lexington Avenue, Suite 1208
                                           New York, New York 10017
                                           Telephone: (646) 560-3224
                                           ygeron@geronlegaladvisors.com

4