PENACHIO MALARA LLP
Counsel for the Debtor
White Plains, New York 10601
(914) 946-2889

Anne Penachio, Esq.

**HEARING DATE & TIME**:
T/B/A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re
DAVOUD GHATANFARD
a/k/a
DAVID GHATANFARD,

CHAPTER 7

CASE NO.: 23-22840 (sab)

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL APPLICATION OF PENACHIO MALARA LLP AS COUNSEL FOR THE DEBTOR FOR APPROVAL OF (I) LEGAL FEES IN THE AMOUNT OF $103,100.00 AND REIMBURSEMENT OF LEGAL EXPENSES IN THE AMOUNT OF $4,903.64 FOR THE PERIOD FROM NOVEMBER 9, 2023 THROUGH APRIL 11, 2024; AND (II) GRANTING SUCH OTHER RELIEF AS MAY BE JUST AND PROPER**

**TO THE HONORABLE SHIREEN A. BARDAY,
UNITED STATES BANKRUPTCY JUDGE:**

The final application for compensation and related relief (the "Application") of **PENACHIO MALARA LLP** (the 'Firm"), counsel to **DAVOUD GHATANFARD** a/k/a **DAVID GHATANFARD**, the debtor herein (the “Debtor”), respectfully represents as follows:

## I. BACKGROUND

1. On November 13, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, as amended (the “Bankruptcy Code”) with the Clerk of this Court and the case was referred to the Honorable Sean H. Lane, Chief United States Bankruptcy Judge, and thereafter to the Bankruptcy Judge herein.

2 The Debtor elected to be treated as a debtor under Sub Chapter V of the Bankruptcy Code. The Debtor qualified to be a debtor under Sub Chapter V as the debt limits had been increased under the CARES Act.

3. Yann Geron was appointed as Sub Chapter V trustee and served in that capacity during the pendency of the Chapter 11 proceeding.

4. For over 40 years, the Debtor has been in the hospitality business. The Debtor primarily of owned and/or managed various restaurants including Laura Christy Midtown LLC (operating as Valbella Midtown) and Valbella Meatpacking) and other fine dining establishments which offered upscale cuisine in New York City and its suburbs.

5. The Debtor's current financial predicament was caused by losses suffered from the COVID-19 pandemic as well as litigation over labor claims commenced by a former employee Pavle Zivkovic ("Zivkovic") in United States District Court for the Southern District of New York entitled *Zivkovic v. Laura Christy LLC et al* bearing Index No.: 23-cv-02128 (GHW). (the "Class Action"). The Debtor's financial issues were exacerbated by personal health issues which diverted the Debtor's time and attention from his businesses.

6. In addition to the Class Action, Zivkovic asserted a separate action against VATP, LLC ("VATP") which owns the restaurant Val Bella at the Park (the "VATP Action"). The Debtor holds an indirect interest in VATP through his membership interest in Oak Grove, LLC, an entity in which his partner, Rosey Kalajian also held an interest. In the VATP Action, Zivkovic alleged in sum and substance that VATP was an alter ego of the Debtor and Laura Christy Midtown LLC. At the time of the Debtor's Chapter 11 filing, the VATP action he United States District Court for the Southern District of New York entitled *Zivkovic et ano v. Valbella at the Park, LLC et al.* Case No.: 22-cv-07344-AS.

7. The Debtor's case was not a typical "restaurant case" implicating generic and routine issues. Rather it was fraught with activity and complex legal and factual issues which are reflected both on and off the Court's docket. It also implicated legal proceedings on four (4) separate fronts: (i) the Bankruptcy Court, (ii) the District Court in the Class Action which was pending before Judge Woods, (iii) the District Court in the VATP Action pending before Judge Subramanian and (iv) the Second Circuit which presided over the Debtor's appeal of the Judgment.

8. The factual issues presented included (i) the extent of the Debtor's assets including minority business interests and real estate holdings; (ii) the Debtor's relationship with his partner, Rosie Kalajian ("Kalajian"); and (iii) the Debtor's business operations.

9. The legal issues included the following:

A. Debtor's eligibility under Sub Chapter V and temporary increases in debt limits under the CARES

B. The Debtor's ability to claim a Homestead of property located in the Eastern District of NY

C. Conflicts between the Debtor and Kalajian

D. Kalajian's rights to the Debtor's business and personal assets under NY State law

E. The standards for approval of settlement under the "Business Judgment Rule" given potential conflicts between the Debtor and Kalajian

F. The efficacy of the automatic stay with respect to the VATP Action and limitations on recovery to Zivkovic

G. The efficacy of the automatic stay with respect to the appeal of Class Action Judgment

H. The role of the Sub Chapter V Trustee and expansion of powers

I. Whether the Sub V Trustee could serve as Plan Administrator under a Sub Chapter V Plan

J. The standards for conversion of a Sub Chapter V case

K. The impact on non-finality of the Judgment on the Proof of Claims emanating from the Class Action

L. The availability of Mediation under SDNY rules

M. Can the balance of funds not claimed in a class action settlement be returned to the Debtor

N. Scope of discovery under Rule 2004

O. Whether Zivkovic and counsel complied with Bankruptcy Rule 2030 with respect to representation of multiple creditors

10. At all times, the Debtor believed that there was a strong likelihood that the Judgment would be vacated by the Second Circuit on Appeal. In support of its position, the Debtor has propounded numerous arguments. While the Judgment was not vacated, the Second Circuit remanded the matter to Judge Woods on the basis the Judgment was not "final." The Debtor remained steadfast in settlement negotiations based upon his strong belief that the appeal of the Judgment would be successful.

11. The Debtor's case was ultimately converted to a case under Chapter 7 of the Bankruptcy Code. Yann Geron was appointed Chapter 7 Trustee. The Firm performed

considerable services during the Chapter 7 case for which it is not seeking compensation in this Application.

12. While the Debtor was not able to resolve his disputes with Zivkovic during the pendency of the Chapter 11 case, the Debtor ultimately reached a settlement with Zivkovic and the Chapter 7 Trustees. Such settlement was approved by this Court and approval by the District Court is pending.

## II. THE APPLICATION AND JURISDICTION

13. By this Application, the Firm seeks an final award of $103,100.00 in fees and reimbursement of $4,903.64 in expenses for the period from November 9, 2023 to April 11, 2024 pursuant to 11 U.S.C. §§ 328, 330, and 331.

14. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.).

15. The statutory predicates for the relief sought herein are Sections 105, 328, 330, and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## IV. THE APPLICATION FOR ATTORNEYS FEES FOR THE PERIOD FROM NOVEMBER 9, 2023 THROUGH APRIL 11, 2024

16. By application dated December 19, 2023 (Dkt. No. 35), the Firm moved for approval of its retention. An entry of the order was delayed due primarily to governmental shutdowns and the ultimate conversion of the Debtor's case. The order was ultimately entered on May 12, 2026.

17. The fees sought from the Debtor are detailed in time logs collectively annexed hereto as Exhibit A. The Firm seeks compensation in the amount of $103,100 for 197.70 hours of services rendered and reimbursement of $4,903.64 in expenses which are set for in Exhibit B.

18. The vast bulk of the time in the Debtor's case was expended on protecting the Debtor and his assets and achieving a settlement through both litigation and discussions. The process was time consuming and labor intensive. Document production was particularly time consuming.

19. The Debtor has been made aware of the total fees for services rendered as Anne Penachio has forwarded it to him, and in accordance with the Southern District of New York Bankruptcy Court Guidelines on Fees and Disbursements (the "Guidelines"), a billing statement for such fees and disbursements incurred. A proof of claim was timely filed in the case.

20. The legal services performed by the Firm are set forth in the time records and include, but are not limited to, the following:

a. General Chapter 11 services;

b. Developing an exit strategy predicated on a settlement;

c. Address automatic stay issues, appellate issues and their impact on the Bankruptcy case;

d. Drafted a Plan;

e. Objected to Claims on the basis of lack of finality of judgment;

f. Attended to operating reports;

g. Addressed potential conflicts and issues relating to conversion motion; and

h. Attended to comprehensive discovery and examination issues

21. The narrative portion of this Application is intended to present to this Court a broad overview of the services rendered by the Firm. Such services are described in detail in the logs annexed to this Application collectively as Exhibit A.

22. A "project summary" billing chart is annexed hereto as Exhibit C requirement.

23. All of the services performed for the Debtor by the Firm have and will inure to the benefit of his estate.

24. The Debtor was not billed for services which are routine and not legal in nature, such as proofreading. Time records do not reflect the numerous communications with the Debtor.

25. Prior to the Chapter 11 filing, the Firm was paid $20,000.00 which will be applied to any amounts awarded.

26. Expenses incurred are set forth on Exhibit C hereto.

**V. ATTORNEYS AND PARALEGAL STAFF**

27. Anne Penachio was admitted to practice in New York before this Court in 1992 and in Connecticut in 1991. She obtained a Bachelor of Arts degree from Fordham University in 1988 and a Juris Doctor degree from Fordham University School of Law in 1991. She served as a law clerk to the Hon. Howard Schwartzberg. Anne Penachio's hourly billing rate for the period involved and the corresponding hours devoted as the attorney for the Debtor is set forth in exhibits hereto. As set forth therein, Ms. Penachio's billing rate for this case is generally in the range of $550.00 – $595.00 per hour. In this case she agreed to charge at a rate of $550.00

per hour. She devoted a total of at least 172.40 hours as the attorney during the period covered by this Application.

28. Francis J. Malara graduated from Pace Law School in 2006 and Fairfield University in 1992. Mr. Malara received an L.L.M. in Bankruptcy from St. John's Law School where he was named to the Dean's List Prior to starting law school in 2002, for approximately 10 years, Mr. Malara operated a successful golf retail business based in Manhattan. As set forth therein, Mr. Malara's billing rate for this case is generally in the range of $550.00 – $595.00 per hour. In this case he agreed to charge at a rate of $450.00 per hour. He devoted a total of at least 11.5 hours as the attorney during the period covered by this Application.

29. Jennifer Raggo graduated from Marist College in 2009. She is a licensed paralegal completing the Paralegal program at Pace University in 2012. She devoted a total of 13.8 hours as the Paralegal during the period covered by this Application. Her rate is $225.00 per hour.

30. It is respectfully submitted that the services rendered and expenses incurred by the Firm clearly satisfy the requisite standards of reasonableness including, inter alia, the following: the time and labor required; the novelty and difficulty of the questions and matters resolved; the skill required to perform the services properly; the experience, reputation and ability of the attorneys performing the services; the fees charged and fee awards in similar cases; the time involved; and the results obtained. Members of the Firm were mindful not to duplicate services. The results achieved in this case include primarily the sale of the Home.

31. To the best of counsel's knowledge, information and belief, this Application complies with the Guidelines; the fees and disbursements sought herein are billed at rates and in accordance with practices customarily employed by the Firm and generally accepted by clients.

32. In accordance with the Guidelines, annexed hereto as Exhibit D is the affidavit of Anne Penachio certifying compliance with such Guidelines. It should be noted that the Firm does not charge for faxes or PACER charges. Legal Research is billed at a blended rate which reflects the flat fee service charged by the provider. Photocopies are billed $.10 per page. Overnight mail is used as sparingly as possible.

33. There is no agreement between the Firm and any other entity to share compensation. An affirmation to that extent is annexed hereto as Exhibit E.

34. Given the facts that the retainer in this case was so low and unanticipated work was required, the Firm requests a waiver of any requirement for a holdback of fees. This is particularly warranted since the case is hopefully being concluded and this application is "final."

**VII. NOTICE OF APPLICATION AND WAIVER OF MEMORANDUM OF LAW**

35. Notice of this Application has been served upon the Debtor, all creditors, all parties who have filed a notice of appearance, and the Office of the United States Trustee.

36. Because the issues presented do not present novel issues of law or fact, it is respectfully requested that this Court waive the requirement for the filing of a memorandum of law.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order (i) granting the Firm an award in the amount of $103,100.00 for professional services rendered to the Debtor and reimbursement of $4,903.64 in expenses for a total of $108,003.64; (ii) authorizing and directing the Debtor to remit such payment to counsel; and (iii) granting such other and further relief as is just and proper.

Dated: White Plains, NY
September 14, 2026

**PENACHIO MALARA LLP**

By: /s/ Anne Penachio
Anne Penachio
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, NY 10601
(914) 946-2889